By the Court. Duer, J.
The portion of the answer to which the demurrer is taken doubtless contains much irrelevant matter, which, as such, had the proper motion been made, must have been stricken out. But the issue of law which the demurrer raises is, that admitting all the facts set forth in this portion of the answer to be true, they constitute no defence, and, consequently, if a valid defence may be extricated from the irrelevant matter, this issue must be determined against the plaintiffs. In other words, the judgment at special term overruling their demurrer must be affirmed. (Smith v. Grenien, 2 Sand. S. C. R. p. 700; Fry v. Bennett, 5 id. 62.) The undertaking of the defendants is in the words of the Code, and bound them to satisfy the judgment to which it refers, in case it should be affirmed in the Court of Appeals, and the complaint avers that the judgment is so affirmed ; and that the defendants have not paid its amount, and therefore prays for judgment against" them. The answer, inter aUa, denies the affirmance of the judgment, and avers in effect that the only order made in the Court of Appeals was an order dismissing the appeal for want of prosecution, and the plaintiffs, by demurring, admit that such was the fact..
It follows from this statement, that unless we are bound' to'say that the order dismissing the appeal is equivalent in law to an affirmance of the judgment, there has been no breach of the defendants’ undertaking, and the plaintiffs are not entitled to maintain this action. A judgment affirmed in the court of ultimate jurisdiction can never again be questioned; and if the effect *252 of the dismission of the appeal was to preclude any further examination or impeachment of the judgment, it might reasonably be contended that the averment in the complaint that the judgment was affirmed, is sustained by the admitted fact, that the appeal was dismissed. It is not pretended, however, that such was the effect of the dismission of the appeal. It is not denied that its only effect was to replace the judgment in its former condition, leaving its merits still open to examination upon a second or further appeal; and it is impossible for us to say that a judgment has been affirmed which, after the appeal was dismissed, was still liable to be reversed. The allegation that by the lapse of time an appeal is now barred, is plainly irrelevant. The barring of an appeal by. the lapse of time is not an affirmance of the judgment by the appellate court, and it is to such an affirmance only that the undertaking relates.
The bond which the Eevised Statutes required to be given, when a writ of error was brought which was intended to operate as a stay of execution, not only bound the parties to satisfy the judgment, in case it should he affirmed, hut also in case the plaintiff in error should fail to prosecute the writ, or the same should he quashed or discontinued (2 R. S. 596, § 28), and why these additional and very significant provisions have been omitted in the Code, we have been unable to discover, and are at a loss to imagine. We cannot believe that they were rejected by the framers of the Code, as superfluous, in the belief that they were all virtually comprehended in the affirmance of the judgment. If they really intended that the undertaking upon an appeal should be construed as largely as the bond upon a writ of error, it is to he regretted that they have not expressed themselves in terms that could enable us to carry their intention into effect. We cannot depart so far from all sound and safe rules of interpretation, as to adopt a construction which is plainly inconsistent with the settled and sole meaning of the words they have chosen to employ. To affirm a judgment is'by the judicial sentence of an appellate court to declare its validity, and it is a legal solecism to say that a judgment has been affirmed, when the question of its validity is exactly that which the appellate court refused to consider. The Court of Appeals has said that the appeal should be dismissed; but as it has not *253 said that the judgment is either valid or erroneous, we have no more right to say that it has been affirmed than that it has been reversed.
The judgment at special term is affirmed, with the usual liberty to the plaintiff to withdraw the demurrer upon payment of costs.