Section 335 of the Code, in pursuance of which the undertaking in this case was executed, provides as follows: "If the appeal be from a judgment directing the payment of money, it shall not stay the execution of the judgment unless a written undertaking be executed on the part of the appellant by at least two sureties, to the effect that, if the judgment appealed from or any part thereof be affirmed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal." The undertaking in this case is in the precise words of the statute, and the only question is, whether the contingency upon which the liability of the defendants was to attach has occurred. The contract of the defendant is, that "if the judgment appealed from or any part thereof be affirmed" the appellant shall pay, c. A dismissal of the appeal for want of prosecution, is clearly not anaffirmance of the judgment. This court has decided nothing whatever in respect to the validity of the judgment. *Page 62 
But it is urged that the effect of the dismissal is substantially the same as that of an affirmance, as it leaves the judgment in full force; and that justice requires that the undertaking should be construed to mean, that unless the judgment be reversed the appellant will pay, c. Otherwise it would always be in the power of the party against whom a judgment was recovered to delay its collection by an appeal without giving any effectual security whatever; as by suffering the appeal to be dismissed for want of prosecution, the sureties to the undertaking would be relieved from all responsibility. It is also insisted that § 335 of the Code was intended to require the same security in substance as was required under the former practice by §§ 26, 27 and 28 of the statute concerning writs of error (2R.S., 595), and several cases are cited to show that a mere change in phraseology in a statute of revision does not necessarily imply that the legislature intended the new statute to be interpreted differently from the old. But the change in this case is not confined to phraseology merely. On the contrary, substantial provisions are entirely omitted. The first subdivision of § 28, which prescribed the condition of the bond to be given upon bringing a writ of error, provides as follows: "If the writ be intended to operate as a stay of execution upon any judgment for the recovery of any debt, damages or costs, such condition shall be, that if the party prosecuting such writ shall fail to prosecute the same; or if such writ shall be quashed or discontinued; or if the judgment for the reversal of which such writ of error shall have been brought or any part of such judgment shall be affirmed; then such party will pay," c. By comparing this provision with § 335 of the Code, it will be seen that there are important differences between them. The condition of the bond as prescribed by § 28 of the Revised Statutes consisted of three branches. If the party either failed to prosecute or the writ should be quashed or discontinued or the judgment should be affirmed. *Page 63 
then he was to pay the debt, c. These three contingencies upon the happening of either of which the obligation to pay was to attach are obviously entirely distinct. The quashing of the writ for some irregularity would be neither a failure to prosecute, nor an affirmance of the judgment, and would not, unless separately provided for, have subjected the obligor to any liability; and that such was the view of the legislature is clearly indicated by the frame of the section.
The omission of two of the three separate branches of this provision in § 335 of the Code raises, upon all ordinary rules of interpretation, a strong implication that it was not intended under the Code to require security for the payment of the judgment in case of a discontinuance or dismissal of the appeal. Section 335 of the Code could never have been framed and passed without referring to the previous statute on the same subject; and the difference between them could hardly have escaped the attention of the most careless observer. Unless then the legislature considered the two first branches of the condition prescribed by the Revised Statutes as virtually included in the third, which it is difficult to suppose, they must have intended to change the nature and extent of the security required. With the wisdom of this change we have nothing to do. We are simply to ascertain the will of the legislature by the application to their acts of the settled rules of construction; and according to those rules § 335 of the Code admits in any view of but one interpretation, viz., that it was intended to limit the responsibility of the sureties to the undertaking required upon an appeal to this court, to the single case of actual affirmance of the judgment of the court below.
But the question here is not merely what was the intent of the legislature, but whether the engagement entered into by the defendants has been broken. The terms of the defendants' undertaking are specific to pay in the event that the judgment appealed from should be affirmed in *Page 64 
whole or in part. This event clearly has not occurred; and I am not aware of any authority for putting a construction upon this undertaking entirely different from that which its language imports. These defendants are sureties, and it would be unprecedented and contrary to all ordinary rules to enlarge the obligation of parties standing in that relation, by a latitudinarian and strained construction of the terms of their engagement.
Upon the whole, therefore, I deem it clear that no cause of action was shown against the defendants and that the judgment of the supreme court should be affirmed.
MITCHELL, J., also delivered an opinion for affirmance.
Judgment affirmed.