Nov. Term,
1858.

KEITZINGER v. REYNOLDS.

KEITZINGER
v.
REYNOLDS.

If an appeal be taken from the judgment of a justice of the peace to the Circuit Court, and subsequently dismissed by the appellant, against whom judgment was rendered in that Court for costs, the judgment of the justice constitutes no part of such judgment; and where an action is afterwards brought upon the appeal-bond, which was conditioned that the appellant should prosecute his appeal to effect, and pay any judgment that might be rendered against him, the plaintiff can only recover upon the latter branch of the condition, the amount of such judgment for costs; but he may recover the amount of the judgment before the justice, upon the former, where the insolvency of the appellant intervenes between the date of the appeal and that of the dismissal thereof.

APPEAL from the *Grant* Circuit Court.

PERKINS, J.—Suit upon an appeal-bond taken before a justice of the peace. The bond was conditioned that the appellant should prosecute his appeal to effect; and, further, for the payment of the judgment that might be rendered against the appellant in the appellate Court.

*Wednesday, January 19, 1859.*

The appellant did not prosecute his appeal to effect, but voluntarily dismissed it, after it had been pending some four or five months. The appellate Court rendered judgment against him for costs on the dismissal.

The complaint alleged that the judgment-defendant was solvent and possessed of property subject to execution when the appeal was taken, but had become insolvent and destitute of such property when the appeal was dismissed. To sustain this allegation in the complaint, no evidence was given.

The Court rendered judgment for the plaintiff, and assessed his damages at the amount of the judgment for costs in the Circuit Court on the dismissal of the appeal.

This was the extent to which the Court could go on the second condition of the bond, viz., that the obligors would pay the judgment that might be rendered in the Circuit Court. Though the dismissal of the appeal had the effect to affirm the judgment below, yet it did not make that a part of the judgment of the appellate Court. This Court has often held that where an appeal to the Supreme Court

Nov. Term,
1858.

was dismissed, no damage could be assessed in the latter Court upon the judgment below, because it could not be treated as a judgment of affirmance in the Supreme Court. And see *Watson* v. *Husson*, 1 Duer, 242, cited in Abbott's Pl. (N. Y.) p. 219.

The plaintiff must rely, then, for a recovery of the amount of the judgment before the justice, as damages, upon the first condition of the bond, viz., that the appellant should prosecute his appeal to effect; and to recover the sum upon a breach of that condition, he must show that he has been damnified in the amount of that sum by the loss of the judgment. Had he proved the allegations in his complaint, touching the matter, we think he would have been entitled to the amount of the judgment and costs below as damages on the breach of the first condition of the bond; and to the amount of the judgment in the Circuit Court on the breach of the second, such breach being proved. See *Reeves* v. *Andrews*, 7 Ind. R. 207.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*I. Van Devanter* and *J. F. McDowell*, for the appellant.

*R. T. St. John*, *A. Steele*, and *H. D. Thompson*, for the appellee.