## KELSEY *vs.* CAMPBELL, Sheriff, &c.

An appeal without an undertaking is not effectual for any purpose, and is a nullity. It makes no change in the proceedings, but leaves them in the same condition they were in before the notice of appeal was given.

Hence, when the sureties in an undertaking on appeal fail to justify, and the court, upon motion, refuses them permission to justify, the notice of appeal, with all the proceedings connected therewith, fall to the ground, and the parties are remitted to the same condition they were in before the notice was given.

The appellants are thus left free to perfect a new appeal, with an undertaking which will stay the execution of the judgment.

APPEAL from a judgment entered at a special term, after a trial at the circuit before a justice of this court without a jury. The action was brought against the defendant as sheriff of Kings county for neglecting to collect and return an execution. The facts found by the justice are stated in the opinion of the court. The justice found and decided as conclusions of law, that the first appeal, by the failure of the sureties to justify, became ineffectual, and that the parties by reason thereof were placed in the same condition as if no appeal had been taken; that the subsequent appeal of the defendant in the execution, accompanied by the undertaking, affidavits of justification, acknowledgment and the other proceedings, operated as a stay of the sheriff's proceedings under the execution, and was a justification and defense to him in this action. He therefore ordered judg-

ment to be entered for the defendant, with costs. The plaintiff appealed to the general term.

*Britton & Ely*, for the plaintiff.

*P. S. Crooke*, for the defendant

*By the Court*, BROWN, J. On the 26th of July, 1861, the plaintiff recovered a judgment in this court against Robert M. Ward, Walter S. Gove and Edward P. Morris, for the sum of $687.69, which was docketed in Kings county clerk's office on the same day. On the 2d day of September, of the same year, he issued an execution against the property of Ward, Gove and Morris, with directions to collect the whole amount of the judgment with interest, which was placed in the hands of the defendant, sheriff of Kings county, to be executed, returnable on the 1st day of November thereafter. The defendants in the execution had goods and chattels within the county of the defendant, whereof he could have made the sum directed to be collected upon the execution. But he omitted to do so, and neglected to return the same at the return day thereof. Whereupon the plaintiff brought this action against the sheriff, and demanded judgment against him for the sum of $687.69, with the interest. The action was tried before Mr. Justice LOTT, at the Kings county circuit, where the foregoing facts were not disputed. It appeared on the part of the defendant that a notice of appeal, with undertaking, affidavit and certificate of acknowledgment, were filed in the office of the clerk of the county of Kings, dated the 29th of July, 1861, the day they were filed, and copies thereof were on the next day duly served on the attorney for the plaintiff. Notice of exceptions to the sureties upon the undertaking was on the 1st day of August duly served by the plaintiff's attorney upon the attorney for the defendant in the judgment. The sureties failed to justify, and on the 14th of September thereafter notice was

given to the sheriff that the undertaking was not perfected, and the court afterwards denied a motion made by the defendant for leave to the sureties to justify, a copy of which order denying the motion was on the 20th of the same month served upon the sheriff. Notice was also given to the sheriff, that the sureties having failed to justify, he was required to proceed in the execution of the writ. On the 18th of September a new notice of appeal, undertaking, affidavits of justification and certificates of acknowledgment, were filed in the office of the clerk of Kings county, copies of all which papers, with a certificate of such clerk that the same were true copies of the originals, were on the same day served upon the defendant, and the plaintiff also had due notice thereof. No exception was taken to the sureties in the last named undertaking, nor was the last mentioned appeal vacated or set aside. But on the next day thereafter, the plaintiff returned to the attorney for the judgment debtors the copy of the last named undertaking served upon him, with notice that he refused to receive the same. These facts constituted the defense. The circuit judge, sitting without a jury, found that the last mentioned appeal and proceeedings operated as a stay of proceedings under the execution, and were a justification and defense to the sheriff for not collecting the money upon the execution. He ordered judgment for the defendant, from which the plaintiff appealed to the general term.

The plaintiff contends that there can be but one appeal, which is taken by the service of the notice of appeal. If the appellant omits to file the undertaking, or the sureties therein fail to justify, the appeal becomes ineffectual to stay the proceedings, but for all other purposes, and especially for the purpose of preventing a new appeal which shall become effectual, the first appeal remains in full force. He takes a distinction between an appeal generally, and an appeal which shall effect the only object and end for which an appeal is taken; that is, to remove the action into the appellate

Kelsey *v.* Campbell.

court, where it is to be reheard and determined. The plaintiff's theory will be sufficiently stated by reference to the facts of the present case. The defendant served his notice of appeal regularly and in due season. But the sureties omitted to justify and prove their ability to indemnify the plaintiff within the time limited by the code, and the court refused them leave to do so, after the time had elapsed. The plaintiff contends that the defendant cannot discontinue or renew his appeal, with sureties who will justify in due season, and that the first appeal remains a bar and a barrier to all future action of the kind. This theory is not borne out by the provisions of the code. If, in addition to the appeal, it be intended to stay the execution of the judgment, the undertaking must be of the nature and kind provided for in section 335; but if it be a mere appeal, leaving the respondent to proceed to the execution of the judgment, the stipulation of the undertaking must be of another kind, as directed in section 334. But this latter section declares in very emphatic language, that to render an appeal effectual for any purpose, a written undertaking must be executed on the part of the appellant with at least two sureties, to the effect, &c., or the sum mentioned in the section must be deposited with the clerk. An undertaking upon an appeal shall be of no effect, unless accompanied by the affidavit of the sureties that they are each worth double the amount specified therein. If excepted to, they are to justify within ten days, or the appeal shall be regarded as if no undertaking had been given. (§ 341.)

An appeal without an undertaking amounts to nothing, and accomplishes nothing. For the section requiring an undertaking declares that without it the appeal shall not be effectual for any purpose. An appeal which is not effectual for any purpose is a nullity. It effects nothing. It makes no change whatever in the proceedings, but leaves them in the same condition as they were before the notice of appeal was given. This is too plain for argument. So that when

Vol. XXXVIII. 16

the sureties in the undertaking of the 29th July, 1861, failed to justify, and the court, upon motion, refused them permission to justify, the notice of appeal of that date, with all the proceedings connected therewith, fell to the ground, and the parties were remitted to the same condition they were in before the notice was given. The defendants were thus left free to effect and perfect a new appeal, with an undertaking which stayed the execution of the judgment. This, it is not disputed, has been done. In *Langley* v. *Warner*, (1 *Comst.* 606,) the defendant Warner had given notice of an appeal, but with a defective undertaking. An application was made for leave to amend the undertaking, which the court of appeals denied, saying that "if the appellant really desires the judgment of this court, he can bring a new appeal."

The judgment should be affirmed.

[ORANGE GENERAL TERM, September 8, 1862. *Emott, Brown, Scrugham* and *Lott,* Justices.]