GEORGE G. FRENCH, Respondent, v. SUSAN Row and Another, Appellants.

*Mortgage — provision that the principal sum shall become due on non-payment of interest — mortgagor relieved therefrom — waiver of the forfeiture — answer improperly stricken out — effect of the dismissal of an appeal — second appeal — specification of order appealed from — a denial of a motion to settle the issues is discretionary.*

The general rule, relating to mortgages containing a provision that in case of default in payment of part of the amount secured to be paid thereby, the whole amount thereby secured shall become due at the option of the mortgagee, is, that the provision is a valid one, and the courts will grant no relief to a mortgagor from the effect of his default, in the absence of fraud or improper conduct on the part of the mortgagee, which renders it unconscionable that he should avail himself of this provision.

When the mortgagor, in paying interest due on a bond and mortgage, follows the course of dealing which has existed between him and the mortgagee from the beginning, and is entitled to suppose that he has wholly discharged his obligations under the contract, and the mortgagee's purpose in enforcing the covenant making the whole amount due is an ulterior one, the mortgagor will be relieved from the effect of his failure to pay the interest due on such mortgage within the time specified by the terms thereof.

The right to enforce a forfeiture may be waived by express language, by acts importing an intention to waive the right, or by acts amounting to an estoppel.

The defendants in a foreclosure suit served an amended answer which alleged facts showing that one of the defendants had no interest whatever in the mortgaged premises; that he was induced by the representations of the mortgagee to sign the bond and mortgage in order to cut off his right as tenant by the curtesy, although he had no such right; that he signed the same upon the statement of the plaintiff that it was necessary for him to do so as he was the

husband of one of the mortgagors, and that there was no consideration for his signing such bond and mortgage. Upon the plaintiff's motion, such amended answer was stricken out.

*Held,* that the defendants were entitled to have the benefit of their answer, and that it should have been allowed to stand.

The effect of the dismissal of an appeal is, as a general rule, to leave the case in the same condition as if there had been no appeal, and an order of dismissal does not preclude a second appeal; the dismissal of an appeal for want of prosecution is not in judgment of law an affirmance of the judgment appealed from.

After judgment against them in an action brought to foreclose a mortgage, the defendants served a notice of appeal to the effect that the defendants appealed from the judgment, and that they intended to bring up for review the order dated the 18th day of July, 1893, and the order dated the 18th day of July, 1893, denying the defendants' motion to settle the issues.

Two orders were made in the action on July 18, 1893, one striking out the defendants' answer and the other denying the defendants' motion to settle the issues.

*Held,* that the notice of appeal was sufficient to bring up for review the order striking out the defendants' amended answer.

An order denying the defendants' motion to settle the issues in an action brought to foreclose a mortgage, and to direct a trial thereof by jury, rests in the discretion of the court.

APPEAL by the defendants, Susan Row and another, from a judgment of the County Court of Oswego county in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 5th day of August, 1893, upon the decision of the court, with notice of an intention to bring up for review two orders made the 18th day of July, 1893, and entered in said clerk's office, one of which denied the defendants' motion to settle the issues, and the other struck out the defendants' amended answer; the statement as made in such notice of appeal being that " appellant intends to bring up for review upon such appeal the order herein dated the 18th day of July, 1893, and the order dated the 18th day of July, 1893, denying defendants' motion to settle issues."

*J. W. Shea,* for the appellants.

*W. H. Kenyon,* for the respondent.

MARTIN, J.:

This action was brought in the Oswego County Court to foreclose a mortgage made by the defendants April 1, 1890, given to secure

FOURTH DEPARTMENT, APRIL TERM, 1894.            [Vol. 77.

the payment of $5,000, with interest at the rate of five per cent per annum, payable semi-annually, the principal to be paid at the expiration of ten years.

The mortgage contained a provision that if default should be made in the payment of any sum on the day it became due, and it should remain unpaid for the space of ten days, the whole debt should thereupon, at the option of the mortgagee, become due and payable immediately thereafter.

The plaintiff claimed, and the proof introduced by him tended to show, that the interest which became due April 1, 1893, remained unpaid for the period of at least ten days before the commencement of this action, while the evidence of the defendants was to the effect that the whole of the interest that became due before the commencement of the action had been paid Whether the interest had been paid was the question chiefly litigated on the trial. The evidence disclosed that the plaintiff not only held the mortgage in suit against the defendants, but that he also had a chattel mortgage upon the property of the defendant Gould P. Row, to secure the payment of the sum of $200, together with some portion of the interest upon the mortgage in suit. If all the payments made by the defendants were to apply on this mortgage, then no portion of the interest remained unpaid.

The court found that the interest upon this mortgage had been paid up to, but not including the whole of, the installment due on October 1, 1892, and that, by reason of the omission of the defendants to pay the installment which became due April 1, 1893, and a part of the installment which became due October 1, 1892, which remained in arrears for the space of more than ten days before the commencement of this action, the whole principal sum of $5,000 and all arrears of interest thereon became due and payable on April 12, 1893.

As we have seen, there was a conflict in the evidence upon the question whether the interest was paid upon the mortgage in suit to April 1, 1893. If the defendants' version of the transaction is correct all the interest was paid, and the plaintiff was not entitled to maintain this action. On the other hand, the plaintiff's evidence was perhaps sufficient, if believed, to justify the court in finding that the payments made were not to apply upon the interest on this

mortgage, but upon the other claim held by the plaintiff against one of the defendants. A careful reading of the evidence tends strongly to substantiate the claim of the defendants, and the credibility of the plaintiff was seriously impaired by his own written declaration indorsed upon the chattel mortgage held by him against one of the defendants, so that, upon the whole evidence, we are led almost irresistibly to the conclusion that the interest upon this mortgage had been fully paid when the action was commenced.

The general rule relating to mortgages containing a provision that, in case of default in payment of part of the amount secured, the whole shall become due at the option of the mortgagee, is that the provision is a valid one and courts will grant no relief to a mortgagor from the effect of his default, in the absence of fraud or improper conduct on the part of the mortgagee, or anything to render it unconscionable to avail himself of the provision in it. (*Bennett* v. *Stevenson*, 53 N. Y. 508 ; *Malcolm* v. *Allen*, 49 id. 448 ; *Hale* v. *Gouverneur*, 4 Edw. Ch. 207 ; *Ferris* v. *Ferris*, 28 Barb. 29 ; *Noyes* v. *Anderson*, 124 N. Y. 180 ; *Valentine* v. *Van Wagner*, 37 Barb. 60.)

Thus the question is presented whether, under the circumstances shown to exist in this case, the conduct of the plaintiff and the course of dealing between the parties had been such as to render it unconscionable for the plaintiff to avail himself of this provision in the mortgage. As we have seen, the evidence is very persuasive that the interest had in fact been paid, so that the defendants might well have supposed that it was paid. We also find that from the time the first installment of interest became due in 1890 until the payment of April 1, 1893, became due, the defendants had paid and the plaintiff had received the interest at periods varying from one to six months after it became due without in any way mentioning or claiming the right to avail himself of that provision, and without intimating to the defendants prior to April 10, 1893, that prompt payment of the interest would be required. Again, the proof indicates quite plainly that the plaintiff's purpose in declaring and claiming the whole amount to be due under this provision in the mortgage was not to secure the payment of his interest promptly when it became due, but to employ that provision as a means to compel the defendants either to deed him the whole mortgaged property, or reduce

the amount of the principal debt secured by the mortgage. That the defendants supposed the interest paid, and if it was not, they were mistaken in that respect, and that the course of action adopted by the plaintiff was improper, inequitable and unconscionable, seems quite clear. And that he should not be permitted to avail himself of that provision in his mortgage for the purpose of acquiring the defendants' property, or depriving them of the benefit of their contract for the loan made for the time and at the rate of interest mentioned without apprising them that the course of dealing which' had existed between the parties from the beginning was to be changed, is equally clear. It has been said that such a condition is not in the nature of a forfeiture. If by this is meant that it is not in the nature of a penalty for a wrong, it is doubtless correct, still, a breach of such a condition involves a loss of a right or benefit as a penalty for omitting to perform a required act, and to that extent at least is in the nature of a forfeiture. And when, as in this case, the mortgagors follow the course of dealing which has existed between them and the mortgagee from the beginning, and when, as here, the mortgagors might well have supposed that they had wholly discharged their obligations under this contract, and the mortgagee's purpose is an ulterior one, we think the mortgagors are entitled to be relieved from the effect of such an omission.

It has been held quite uniformly in this State, in regard to insurance policies, that any agreement, declaration or course of action on the part of the company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. (*Kenyon* v. *K. T. & M. M. A. Assn.*, 122 N. Y. 247.)

In *De Frece* v. *N. L. Ins. Co.* (136 N. Y. 144) the defendant insured the life of the plaintiff's intestate upon what is known as "the installment bond plan," the premium to be paid in twenty annual installments, and the bond to be forfeited in case of non-payment at the date specified. An action was brought upon the bond, and the defendant alleged in its answer a subsequent agreement that the installments should be paid quarterly instead of annually, and that the bond was forfeited by reason of the failure of the deceased

to pay a quarterly payment which fell due twenty-three days before his death. The only proof as to the new agreement was evidence showing that from October, 1883, to October, 1888, the insured paid the premiums quarterly; that they had been received and accepted by the defendant, and receipts given reciting that they were for premiums falling due quarterly. The evidence showed that all these payments, except three, were made by note and at intervals from twenty days to five months after they became due. The court, in delivering the opinion in that case, said : " It was entirely competent for the parties to modify the terms of the original contract with respect to the time of payment, and the effect of a failure to make punctual payment, and the evidence is sufficient to support a finding that the defendant agreed subsequently to the execution of the contract to accept payment of the premiums quarterly or within a reasonable time thereafter, and that the policy should continue in force until such payments were made, providing they were not unreasonably deferred. It has been repeatedly held both in the State and Federal courts that such an agreement may be inferred from the course of dealing between the parties. (*Leslie* v. *Knickerbocker Life Ins. Co.*, 63 N. Y. 34; *Meyer* v. *Knickerbocker Life Ins. Co.*, 73 id. 516; *Wyman* v. *Phœnix Ins. Co.*, 119 id. 274; *Kenyon* v. *K. T. & M. M. A. Assn.*, 122 id. 247; *Atty.-Genl.* v. *Continental Life Ins. Co.*, 33 Hun, 141; *Ins. Co.* v. *Wolff*, 95 U. S. 326; *Ins. Co.* v. *Eggleston*, 96 id. 577; *Ins. Co.* v. *Doster*, 106 id. 37; *Helme* v. *Philadelphia Life Ins. Co.*, 61 Penn. St. 107.)"

Again, where by the terms of a contract for the sale of land, the purchase money is to be paid in installments with annual interest, and the vendor reserves to himself the right to forfeit the contract if the vendee makes default in any of the payments, and after default the vendor continues to receive parts of the purchase money, it has been uniformly held in this State that such a vendor, by receiving payments after default, had so far waived the forfeiture that he could not insist upon it, without giving the purchaser notice to pay the arrears or he would exercise the right of forfeiture, and that a vendor who has waived a forfeiture for non-payment by receiving partial payments from the vendee, after the time of pay-

ment prescribed in the contract, cannot suddenly stop short, and insist on a forfeiture for the non-payment of the arrears, without previous notice of his intention to do so if the arrears are not paid. (*Harris* v. *Troup*, 8 Paige, 423; *Richmond* v. *Foote*, 3 Lans. 244; *Cythe* v. *La Fontain*, 51 Barb. 186, 191; *McCarty* v. *Myers*, 5 Hun, 83, 85.)

So, too, where upon the conditional sale of a chattel it is agreed that the vendee is to have possession, and pay the price within the time fixed, if after the purchase money has become due and remains unpaid, the vendee is still permitted to retain possession, and the vendor receives part payment, this is an assent by the latter to delay and a waiver of any forfeiture and a recognition of the right of the vendee to acquire title by payment of the residue of the purchase money, which right would continue until a request by the vendor for such payment, and a refusal by the vendee. (*Hutchings* v. *Munger*, 41 N. Y. 155; *O'Rourke* v. *Hadcock*, 114 id. 541, 550; *Cushman* v. *Jewell*, 7 Hun, 525.)

In *Bell* v. *Romaine* (30 N. J. Eq. 25) where a bond, secured by a mortgage, provided that on default in the payment of the interest thereon for thirty days after the same had become due, the principal should, at the option of the obligee, become payable, it was held that after the obligee had ratified several parol extensions of time for paying the interest, made by her agent, a subsequent similar extension would be deemed a waiver of the forfeiture, and a suit at law to enforce the bond on the ground of such forfeiture would be enjoined.

The right to enforce a forfeiture may be waived by express language, by acts importing an intention to waive the right, or by acts amounting to an estoppel. (2 Beach on Mod. Eq. Juris. § 1021.)

While, perhaps, there is no case in which the precise question here involved has been decided, yet, we think the principle of the authorities cited fully sustains our conclusion that, under the circumstances disclosed in this case, it was improper and unconscionable for the plaintiff to avail himself of the provision in the mortgage by which he might declare the whole amount due for the non-payment of the interest, and that he could not avail himself of that provision without notice to the defendants that the course of dealing which had existed between them from the beginning was to be changed, and

prompt payment required. These considerations lead us to the con-
clusion that the judgment was wrong, and should be reversed.

This brings us to the consideration of the appeal from the order
striking out the defendants' amended answer. The original answer
in the case specifically denied certain allegations of the complaint,
and alleged that the whole of the interest mentioned therein had
been fully paid when it became due. The amended answer contained
a general denial of the allegations of the complaint, except certain
allegations which were expressly admitted, set up payment, and also
alleged facts showing that the defendant Gould P. Row, the husband
of Susan Row, by whom and Gould P. Row the bond and mortgage
in suit was executed, had no interest whatever in the mortgaged
premises; that he was induced by the representations of the plaintiff
to sign the bond and mortgage to cut off his right as tenant by the
curtesy, although he had no such right; that he signed the same
upon the statement of the plaintiff that it was necessary for him to
do so as he was the husband of the other defendant, and that there
was no consideration for his signing such bond and mortgage. Thus
we find that in the amended answer it was in effect alleged that the
execution of the mortgage by Gould P. Row was procured by the
false representations of the plaintiff, and that it was without con-
sideration as to him. We think the defendants had the right to
have the benefit of this answer, and as it was served in time it
should have been permitted to stand, especially as the plaintiff had
sufficient time after its service to re-notice the case for the term at
which it was tried. If this answer had been permitted to stand, and
the defendants had established the additional facts alleged, it is quite
probable that no judgment for deficiency would have been awarded
against the defendant Gould P. Row. We think the court erred
in striking out the defendants' amended answer, and that this order
should be reversed.

The respondent's claim that this order cannot be reviewed on this
appeal because a former appeal was taken, and dismissed by this
court, cannot, we think, be sustained. In Elliott's Appellate Pro-
cedure (§ 535) it is said : " The effect of the dismissal of an appeal
is, as a general rule, to leave the case as if there had been no appeal.
An order of dismissal does not preclude a second appeal." The dis-
missal of an appeal for want of prosecution is not, in judgment of

law, an affirmance of the judgment appealed from. (*Watson* v. *Husson*, 1 Duer, 242.) In that case it was in substance held that the only effect of such a dismissal was to replace the judgment in its former condition, leaving its merits still open for examination upon a second or further appeal. That case was affirmed in *Drummond* v. *Husson* (14 N. Y. 60), where the court said : "A dismissal of the appeal for want of prosecution is clearly not an affirmance of the judgment. This court has decided nothing whatever in respect to the validity of the judgment." The principle of this case was reaffirmed in *Palmer* v. *Foley* (71 N. Y. 106, 109). (See, also, *Kelsey* v. *Campbell*, 38 Barb. 238 ; *Blake* v. *Lyon & Fellows Manufacturing Co.*, 75 N. Y. 611 ; *Culliford* v. *Gadd*, 135 id. 632.) These authorities are adverse to the claim of the plaintiff, and we find nothing in the case of *Wiener* v. *Morange* (7 Daly, 446) which aids him, as in that case the intermediate order which was sought to be reviewed on an appeal from a final judgment had already been reviewed on the merits by the court to which the appeal was taken, and, hence, that case was clearly within the provisions of section 1316 of the Code of Civil Procedure.

Nor do we think the claim of the plaintiff, that this order cannot be reviewed because the notice of appeal does not distinctly specify it, can be upheld. The purpose of this provision was to apprise the respondent of the fact that an appeal was taken from the order, and when the notice of appeal accomplishes that purpose it must, we think, be regarded as sufficient. The notice of appeal in this case was to the effect that the defendants appeal from the judgment and that they also intended to bring up for review the order herein dated the 18th day of July, 1893, and the order dated the 18th of July, 1893, denying the defendants' motion to settle the issues. That the appellants intended to appeal from two orders that were made on the 18th of July, 1893, is manifest. One of the orders is described, and, hence, the respondent must have clearly understood that the other order intended to be brought up for review was the order striking out the defendants' amended answer. We think the notice of appeal was sufficient. It follows that this order should be reversed.

The order denying the defendants' motion to settle the issues in this action and direct a trial thereof by a jury rested, we think, in

the discretion of the court below, and while it would doubtless have been more satisfactory to try the issues by a jury, yet, we think we should not disturb that order, and that it should be affirmed.

HARDIN, P. J., concurred; MERWIN, J., concurred in the result.

Judgment reversed and a new trial ordered, with costs to abide the event. The order striking out the defendants' amended answer reversed, without costs. The order denying the defendants' motion to settle the issues in the action affirmed, without costs.