(26 App. Div. 64.)

### SPERLING v. BOLL et al.

(Supreme Court, Appellate Division, First Department.    February 11, 1898.)

APPEAL—DISMISSAL—SECOND APPEAL.

After an appeal has been dismissed by the appellate division of the supreme court for failure to serve a case and prosecute the appeal as required by the rules, the original appellant cannot, without obtaining leave, again appeal, and, upon serving a case, insist upon its being heard.

Van Brunt, P. J., concurring on the ground that the statute permits but one appeal.    Ingraham and Patterson, JJ., dissenting.

Appeal from trial term.

Action by Pauline Sperling against Adolf Boll and others.    From an order setting aside defendants' case on appeal, they appeal.    Affirmed.

Upon the trial the court directed a verdict for the defendants, which it subsequently set aside and granted a new trial, and from the order thereupon entered the three defendants appealed.    This appeal, upon motion and after hearing argument, was dismissed for failure to serve the printed papers within the time prescribed by the rules of practice.    Thereafter, without obtaining leave, two of the defendants served another notice of appeal to this court from the same order as to which such previous appeal had been dismissed, and served a proposed case on appeal, which is the one that was set aside and stricken out by the order now appealed from.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Roger M. Sherman, for appellants.

Simon Sultan, for respondent.

O'BRIEN, J.   The single question for our determination is as to whether, after an appeal has been dismissed by this court for failure to serve a case and prosecute the appeal as required by the rules, some or all of the original appellants, without obtaining leave, can again appeal, and, upon serving a case, insist upon its being heard.   Our first impression would be that no such practice could be tolerated. But it is insisted that there is authority for such practice, and reliance is placed upon the case of French v. Row, 77 Hun, 387, 28 N. Y. Supp. 849, for the proposition that the dismissal of an appeal is no bar to a subsequent appeal.   It was therein said:

"The respondent's claim that this order cannot be reviewed on this appeal, because a former appeal was taken, and dismissed by this court, cannot, we think, be sustained.   In Elliott, App. Proc. § 535, it is said: 'The effect of the dismissal of an appeal is, as a general rule, to leave the case as if there had been no appeal.   An order of dismissal does not preclude a second appeal.' The dismissal of an appeal for want of prosecution is not, in judgment of law, an affirmance of the judgment appealed from.   Watson v. Husson, 1 Duer, 242.   In that case it was, in substance, held that the only effect of such a dismissal was to replace the judgment in its former condition, leaving its merits still open for examination upon a second or further appeal.   That case was affirmed in Drummond v. Husson, 14 N. Y. 60, where the court said:  'A dismissal of the appeal for want of prosecution is clearly not an affirmance of the judgment.   This court has decided nothing whatever in respect to the validity of the judgment.'   The principle of this case was reaffirmed in Palmer v. Foley, 71 N. Y. 106, 109.  See, also, Kelsey v. Campbell, 38 Barb. 238; Blake v. Manufacturing Co., 75 N. Y. 611; Culliford v. Gadd, 135 N. Y. 632, 32 N. E. 136."

There is nothing, however, in that case, or the authorities upon which it is based, to sustain appellants' position here, viz. that after an appeal has been dismissed a second appeal can be taken without leave, and without having the appeal reinstated, or, differently stated, that the court, having once dismissed it, is powerless to do aught except upon such second appeal to hear it.   What was being discussed in French v. Row was the binding effect, in the way of an adjudication, of an order dismissing an appeal.   It has never been claimed that such an order is binding or conclusive upon the merits, and that if the appeal, within the rules of practice, was properly presented to the court again, the court would be precluded, by reason of its former action, from hearing the appeal on the merits.   The effect of a dismissal, however, is well expressed in a subsequent part of section 535 of Elliott's Appellate Procedure, quoted in French v. Row, to the effect that "the dismissal of the appeal takes the case and the parties out of court."   It is, of course, competent for the court to permit a reargument of the motion to dismiss to be made, and to restore the case to its original position, and hear the second appeal, provided the time to appeal has not expired, and all that was formerly done was to dismiss the appeal for failure to serve the printed papers in time.   While it does not appear from the opinion in French v. Row, we must assume that the second appeal was properly brought on; and the question there discussed and disposed of was whether the former dismissal was res adjudicata upon the merits, or acted as a bar to a review on the merits. That this is the point intended by that case to be decided is evidenced by an examination of the authorities referred to.   Thus, Watson v. Husson, 1 Duer, 242, was an action for breach of an undertaking given

on an appeal; and it was therein held that an averment in the complaint that the judgment was affirmed is not sustained by the admission of proof that the appeal was dismissed, and that as the answer, the sufficiency of which was in question upon demurrer, denied the affirmance of the judgment, and averred the dismissal of the appeal, it was a defense.    So, too, in Drummond v. Husson, 14 N. Y. 60, which was a similar action upon an undertaking to stay execution on appeal, it was held that by reason of the form of the undertaking the parties thereto were not liable to pay the judgment where the appeal was dismissed.    In Palmer v. Foley, 71 N. Y. 106, the order directing a reference to ascertain the defendant's damages sustained by reason of an injunction was held to have been improperly granted where the action in which the injunction was obtained was discontinued by stipulation of the parties, and it was held that the liability of the sureties depended upon the terms and form of security, and that, upon the facts appearing, there was no breach of the statutory undertaking.    It will therefore be seen, without pursuing the authorities further, that the real point involved in all these cases was as to the binding effect of an order of dismissal as affecting the merits.    We agree that a dismissal is not conclusive upon the merits, and, if the appeal should subsequently come properly before the court, there would be nothing to prevent an inquiry into the merits.    This, however, is quite a different thing from taking a second appeal to the same court without leave, and insisting that, notwithstanding the court has dismissed the appeal, it is nevertheless obliged to go on and hear it, because the appellant, treating the dismissal as a nullity, or mere brutum fulmen, concludes that it has no bearing or effect upon his rights, and that, though his case has been dismissed for failure to prosecute it with diligence, he can compel the court to listen to his appeal whenever he gets ready to present it.    As we have found no authority, therefore, which militates against our first impression, that such practice would be subversive of all rules, and of the authority of the court to regulate the procedure therein, we cannot assent to the proposition for which the appellants contend.

The question discussed, as to whether the appellants' time to appeal had been set running by the proper service upon them of the order appealed from, or by their entry of an amended order, and the service of the notice of appeal, is not material or relevant, for the reason that the dismissal was not upon the ground that their time to appeal had expired, but for failure to print and serve the necessary papers within the time prescribed by the rules.

We think, therefore, that the order below was right, and should be affirmed, with $10 costs and disbursements.

McLAUGHLIN, J., concurs.

VAN BRUNT, P. J. (concurring).    The statute permits but one appeal to be taken, and, when a party has exercised that right, the statutory privilege is exhausted.    I concur, therefore, with Mr. Justice O'BRIEN.

INGRAHAM, J. (dissenting).    This action having been brought
on for trial at a trial term of the court, with a jury, at the end of
the evidence the court directed a verdict for the defendants.    A mo-
tion to set aside that verdict and for a new trial was granted upon
the ground that the plaintiff was entitled to have the case submitted to
the jury.    An order upon that motion having been entered, the de-
fendants applied to the court to have such order resettled, which ap-
plication the court granted; and the order, as resettled, was entered on
the 8th day of June, 1897.    The defendants procured a copy of such
order, and served it upon the plaintiff's attorney, and with it served a
notice of appeal.    It seems that subsequently the plaintiff moved to
dismiss that appeal upon the ground that no case had been served; and,
that motion coming on to be heard, the same was granted, and the
appeal dismissed.    Subsequently the defendants served a new notice of
appeal from the order granting a new trial, and with it served their
proposed case on appeal; and on motion such proposed case, and all
proceedings thereon, were set aside and stricken out, apparently upon
the ground that the second notice of appeal was irregular and unau-
thorized,—an appeal from the order having once been taken, and dis-
missed for lack of prosecution.    This action of the court below could
only be sustained upon its appearing to the court that either no appeal
was pending, or that the time to serve a case had expired.    It is not
claimed but that the case was served in time, if by the service of the
second notice of appeal an appeal was pending, and thus the court be-
low decided that no appeal was pending.    By section 1300 of the
Code, an appeal must be taken by serving upon the attorney for the
adverse party, and upon the clerk with whom the judgment or order
appealed from is entered, by filing it in his office, a written notice to
the effect that the appellant appeals from the judgment or order, or
from a specified part thereof.    The notice of appeal served complied
with this section of the Code, and it would seem to follow that if that
appeal was irregular, or improperly taken, the remedy of the respond-
ent was to apply to the appellate court to dismiss the appeal, and the
court below was not justified in disregarding the notice of appeal, and
assuming that no appeal was taken.    As long as that appeal stood
undismissed, it was for the court to which the appeal was taken to
determine whether or not the notice was regular and sufficient.    It
certainly has never been understood that the court from which the
appeal was taken has power to determine the question as to the reg-
ularity of the appeal, and whether a notice of appeal which complies
with the provisions of the Code is sufficient to render the appeal ef-
fective.    As the question as to the regularity of this appeal, however,
has been argued before us, it is just as well that we should now dispose
of it.

The objection to the appeal apparently relied on by the court below,
and which is insisted upon here, is that the appellants, having taken
one appeal, and that appeal having been dismissed, are precluded from
again appealing, although when the second notice of appeal was served
their time to appeal had not expired.    Our attention is called to no
section of the Code which in terms provides that the dismissal of an

appeal prevents a new appeal from being taken. Title 1 of chapter 12 of the Code of Civil Procedure regulates appeals. Section 1294 provides that the party aggrieved may appeal in a case prescribed in the chapter, and the chapter expressly provides for an appeal from an order granting or refusing a new trial. Section 1347. By section 1351 it is provided that an appeal authorized by this title must be taken within 30 days after service upon the attorney for the appellant of a copy of the judgment or order appealed from, and a written notice of entry thereof, section 1354 provides for the judgment of affirmance rendered upon the appeal, and section 1361 provides that the proceedings upon an appeal taken as prescribed in the title are governed by the provisions of this act, and of the general rules of practice relating to an appeal in an action. By rule 41 of the general rules of practice, regulations for the printing and furnishing of the papers upon which an appeal is to be heard are prescribed. It is there provided that, if the papers shall not be filed and served as therein provided by the party whose duty it is to do so, his opponent may move the court, on three days' notice, on any motion day, for an order dismissing the appeal, or for a judgment in his favor, as the case may be; that, upon an appeal from nonenumerated motions, if the appellant fails to file and serve the papers as aforesaid the respondent may then move, upon three days' notice, to dismiss the appeal. There is no provision, either in the Code or in the general rules of practice, either expressly or by implication, that provides that such a dismissal of an appeal shall be a bar to another appeal seasonably taken. The Code expressly gives a right to any party aggrieved to appeal from an order granting or refusing a new trial, limited only by a service of a notice of appeal within 30 days after service upon the attorney for the appellant of a copy of the judgment or order appealed from, and a written notice of the entry thereof. A party in whose favor a judgment or order has been entered has thus the power to limit the time within which an appeal may be taken by serving upon the adverse party a copy of the judgment or order in his favor, with a notice of entry thereof, but such a service is necessary to limit the time in which an appeal can be taken. When the time has not been so limited, the right to take an appeal exists until such an appeal has been taken, and the questions involved have been adjudicated upon. Is an order dismissing an appeal for failure to serve the case and exceptions as required by the Code such an adjudication? It seems to me clear that it is not, both upon principle and authority. A dismissal of an appeal, not involving a decision of the merits of the order appealed from, cannot amount to an adjudication of the questions determined by the order or judgment so appealed from. As an illustration, take the case where an appeal was served upon the attorney for the respondent, and not upon the clerk, or was not signed by the attorney for the appellant, or failed to comply with all the provisions of the Code, and where, upon a motion to the appellate court, the appeal was dismissed for that reason; it would not be claimed that such a dismissal precluded the appellant from serving a new notice of appeal, provided his time to appeal had not then expired. And I cannot see in what respect a dismissal of an appeal because of the failure of the appellant to serve

his case, or a failure on the part of the appellant to print the papers upon which the appeal is to be heard, within the time prescribed by the rule, should have any other effect than that of a disposition of the appeal which was then pending at the time the order of dismissal was entered. The question as to the propriety of the judgment or order appealed from was not presented, nor was it determined. The question at issue in the action was not considered or disposed of. The question is analogous to that presented upon a nonsuit upon the trial of an action at law, which simply disposes of that action, without adjudicating upon any of the questions involved therein, so that such a nonsuit is not a bar to a new action. No provisions of the Code, no rule of practice, gives to such an order dismissing an appeal any other effect than that of a mere disposition of the appeal without disposing of the merits of the controversy between the appellant and respondent; and in no litigation does such a disposition of a pending question, without any adjudication upon the merits, act as a bar to a new proceeding to accomplish the same result. This precise question was presented to the late general term of the supreme court, in the Fourth department, in the case of French v. Row, 77 Hun, 387, 28 N. Y. Supp. 849. The question presented in that case was whether, on an appeal from a judgment, the court could consider an order made in the action striking out a portion of the amended answer. The respondent claimed that that order could not be reviewed on the appeal from the judgment, because a former appeal was taken from the order, and was dismissed by the general term. The court held that such a claim could not be sustained. Judge Martin, writing the opinion of the court, cited with approval from Elliott's Appellate Procedure (section 535), where it is said:

"The effect of the dismissal of an appeal is, as a general rule, to leave the case as if there had been no appeal. An order of dismissal does not preclude a second appeal."

And it was held that a dismissal of the appeal for want of prosecution was clearly not an affirmance of the judgment appealed from, and that the only effect of such a dismissal was to replace the judgment in its former condition, leaving its merits still open for examination upon a second or further appeal; and the case of Watson v. Husson, 1 Duer, 242, affirmed by the court of appeals in 14 N. Y. 60, was cited in support of that conclusion. In Palmer v. Foley, 71 N. Y. 106, this last case was cited with approval, and it was there held that a dismissal of an appeal was not a decision that the appellant was not entitled to the relief asked for.

Upon the dismissal of the appeal, it seems to me clear that the question as to whether or not there should be a new trial was not adjudicated, and that that dismissal, therefore, is not a bar to the appellants taking a new appeal to have that question determined, and that the only question as to the validity of this appeal is whether or not it was taken within the time allowed by law. I think it was. By section 1294 of the Code an absolute right is given to a party aggrieved to appeal in a case provided for in the section; and by section 1351, which contains the only limitation of the right to appeal from an order granting or denying a new trial, the limitation prescribed is that the appeal must be

taken within 30 days after serving upon the attorney for the appellant a copy of the judgment or order appealed from and a written notice of the entry thereof. Nothing less than this formal service is sufficient to limit the time in which an appeal must be taken. The statute recognized the necessity of limiting the time within which an appeal can be taken, and fixed a time after which an appeal cannot be taken. It made that limit to depend upon an affirmative act of the respondent. That act was the service of the copy of the order or judgment appealed from. The fact that the appellants procured the order to be served upon the respondent cannot be said to be equivalent to this one act that the legislature required should limit the right of the appellant to appeal. It is hardly necessary to cite cases to sustain this proposition, as it rests upon the express provisions of the Code. It is only necessary, however, to say that no cases are cited in opposition to it, while it has been the uniform practice, and is sustained by an unbroken line of decisions. I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied.

PATTERSON, J., concurs.