KELLER, Com'r of Public Charities, v. CLEARY.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. APPEAL—DISMISSAL—GROUNDS OF.
  Where an attempted appeal from an order of filiation in bastardy proceedings was dismissed for want of jurisdiction, it was a nullity, and a subsequent appeal will not be dismissed on the ground that no leave to take such an appeal has been granted or the appeal reinstated, since the second appeal is the first valid appeal.

2. BASTARDS—PROCEEDINGS—WHO MAY MAINTAIN.
  Code Cr. Proc. § 840, requiring the superintendent of the poor to bring proceedings when a bastard is born which is a county charge, does not authorize such proceedings against a putative father of a bastard born in a foreign state and brought into New York, since the child is not a public charge.

Appeal from court of special sessions of city of New York.

Bastardy proceedings by John W. Keller, as commissioner of public charities, on the complaint of Teresa Heitzmann, against John

P. Cleary, alleged to be the putative father of a bastard child. From an order of filiation, defendant appeals. Reversed.

The evidence showed that the child was born in New Jersey, and that the mother removed to New York thereafter.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Joseph H. Hayes, for appellant.

Theodore Connoly, for respondent.

PER CURIAM. The defect pointed out upon the former appeal, relative to service of the papers (56 App. Div. 466, 67 N. Y. Supp. 862), has now been remedied, and therefore this appeal is properly brought. The rule laid down in Sperling v. Boll, 26 App. Div. 64, 50 N. Y. Supp. 209, is not applicable. In that case two appeals were taken; the first being dismissed for failure to print and serve papers within the time prescribed by the rules of practice, and the second for the reason that no leave had been obtained to bring it, and it had not been reinstated. Here, however, the former appeal was a nullity, it appearing that this court was "without jurisdiction to entertain" it, wherefore it was dismissed, so that this is the first and only appeal that has been had in the proceeding.

Upon the merits, we concur in the conclusion reached by Mr. Justice INGRAHAM, as stated in his opinion upon the former appeal,—that, under the statute as applicable to the facts here appearing, the commissioner has no authority to prosecute this proceeding.

The order accordingly should be reversed, and the proceeding dismissed, without costs.