Chief Judge Breitel
(dissenting). I dissent and would reach the merits of the appeal. The dismissal of an appeal for failure to prosecute is neither an affirmance, the equivalent of an affirmance, nor a determination of the merits (Drummond v Husson, 14 NY 60, 61). The law is well-established for the longest time in this State, and elsewhere, that the dismissal of an appeal for failure to prosecute is not on the merits and does not bar a second and later properly-taken appeal (Crafts v Ives, mot to dismiss app den NY Court of Appeals, Oct. 13, 1852 [referred to in Marshall v Milwaukee & St. Paul R. R. Co., 20 Wis 644, 645-646]; see Sacramona v Scalia, 36 AD2d 942, 943; Whyman & Whyman v Philips, 36 AD2d 812, 813; Sperling v Boll, 26 App Div 64, 65-67; French v Row, 77 Hun 380, 387-388; Watson v Husson, 1 Duer 242, 252, affd sub nom. Drummond v Husson, 14 NY 60, supra; Appeal—Dismissal—Bar to Later Appeal, Ann., 96 ALR2d 312, § 2, p 314, and cases collected; Elliott’s Appellate Procedure, §535; 10 Carmody-Wait, 2d, NY Practice, § 70:32, pp 298-299; 4 CJS, Appeal and Error, § 34, p 137; see, also, United States v Fremont, 18 How [59 US] 30, 37 [Catron, J., concurring in part and dissenting in part], where it was stated that "The motion to dismiss for want of prosecution, and the motion to dismiss for want of jurisdiction, to entertain the appeal, are different and distinct in character; the one only dismisses the appeal and allows a second; and the other bars it”).
Perhaps the best statement of the rule is contained in French v Row (77 Hun 380, 387-388, supra): "The respondent’s claim that this order cannot be reviewed on this appeal because a former appeal was taken, and dismissed by this court, cannot, we think, be sustained. In Elliott’s Appellate Procedure (§ 535) it is said: 'The effect of the dismissal of an appeal is, as a general rule, to leave the case as if there had been no appeal. An order of dismissal does not preclude a second appeal.’ The dismissal of an appeal for want of prosecution is not, in judgment of law, an affirmance of the judgment appealed from. (Watson v. Husson, 1 Duer, 242.) In that case it was in substance held that the only effect of such a dismissal was to replace the judgment in its former condition, leaving its merits still open for examination upon a second or further appeal. That case was affirmed in Drummond v. Husson (14 N. Y. 60), where the court said: 'A dismissal of the appeal for want of prosecution is clearly not an affirmance of the judgment. This court has decided nothing whatever in respect to *357 the validity of the judgment.’ The principle of this case was reaffirmed in Palmer v. Foley (71 N. Y. 106, 109). (See, also, Kelsey v. Campbell, 38 Barb. 238; Blake v. Lyon & Fellows Manufacturing Co., 75 N. Y. 611; Culliford v. Gadd, 135 id. 632.)”
Indeed, the principle is so well-settled that Corpus Juris Secundum (loc. cit.) states the black-letter rule thus: "Although a prior appeal dismissed for want of prosecution has been held to preclude a subsequent writ of error, a prior appellate proceeding which has been dismissed for want of prosecution does not ordinarily bar a subsequent proceeding, unless there is a statute providing otherwise or the dismissal operates as an affirmance of the judgment.” The comment following makes clear that the reference to a "subsequent proceeding” includes a later appeal (at n 95).
Contrary cases, of which there are a few, stem from a different practice and, in the case of California, Mississippi, and perhaps others, from court rules which make the dismissal a bar to another appeal on the same cause (see Chamberlain v Reed, 16 Cal 208, following Karth v Light, 15 Cal 324, 326; Merrill v Hunt, 52 Miss 774, 776; see cases collected in Ann., 96 ALR2d 312, § 2, pp 312-314).
Accordingly, I dissent and would reach the merits of the appeal.
Judges Gabrielli, Jones, Wachtler and Cooke concur in Per Curiam opinion; Chief Judge Breitel dissents and votes to reach the merits of the appeal in a separate opinion in which Judges Jasen and Fuchsberg concur.
Appeal dismissed, with costs.