HENRY WIENER, JR., Respondent, *against* HENRY H. MOR-ANGE (Impleaded), Appellant.

(Decided February 4th, 1878.)

By the provisions of section 1316 of the (new) Code of Civil Procedure, an appeal from a final judgment does not bring up for review an intermediate order which has already been reviewed upon a separate appeal therefrom by the court or the term of the court to which the appeal from the final judgment is taken.

An intermediate order separately appealed from and affirmed by default, has "already been reviewed" within the meaning of section 1316 of the (new) Code of Civil Procedure.

APPEAL by the defendant, Morange, from a judgment of this court, entered upon an order made at special term by Judge ROBINSON, overruling a demurrer to the complaint.

The order was taken by default. The defendant had previously appealed from two intermediate orders, which had been affirmed by default. In his notice of appeal from the final judgment he specified the two orders as being also appealed from.

The other facts necessary to an understanding of the decision here are stated in the opinion.

*Henry H. Morange*, appellant in person.

*Frederick Smyth*, for respondent.

Wiener v. Morange.

JOSEPH F. DALY, J.—The appellant's object in appealing from the final judgment is to bring up for review two intermediate orders affecting the judgment: one made by Judge ROBINSON on February 24th, 1877, being an order of reference to compute the amount due on the plaintiff's bond and mortgage; and the other made by Judge Larremore in March, 1877, denying defendant's motion to compel the plaintiff to receive the said defendant's answer. The defendant, Morange, had previously taken separate appeals from those orders, which appeals were regularly brought on for hearing at the general term of this court held in May, 1877, and the appellant not appearing, both of said orders were affirmed by default, and orders to that effect were duly entered.

The defendant is not entitled to have the orders so affirmed reviewed upon this appeal. By section 1316 of the Code, an appeal from a final judgment brings up for review only such intermediate orders as have not already been reviewed upon a separate appeal therefrom by the court or the term of the court to which the appeal from the final judgment is taken. Separate appeals were taken from the orders in question, and upon such appeals the orders, when they came up for review, were affirmed. It is true that this affirmance was by default, but this circumstance operates more strongly against the appellant, for affirmance by default is tantamount to affirmance by consent; and is fully as conclusive upon the appellant as if the orders of the general term were made upon a full hearing of the appeal. Such is the effect of a judgment by default, and no good ground of distinction in that respect exists between a judgment and an order, or the affirmance of a judgment and the affirmance of an order. (*Powers* v. *Witty*, 42 How. 352; *Brown* v. *Mayor*, 66 N. Y. 385, and cases cited.)

The reasoning in both cases is the same. The party disputing the order or appealing from it, has had his day in court, and if he choose to suffer default, should not be allowed to vex his adversary a second time with what is in effect the same appeal.

For these reasons the judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed with costs.