ELIZABETH A. CULLIFORD, Respondent, v. MONTGOMERY GADD, Appellant.

In pursuance of a stipulation which recited that an undertaken given on appeal to this court had been canceled, an order was entered which gave plaintiff leave to file another "undertaking to perfect the appeal" within five days, and provided that the new undertaking should have when filed the same force and effect as if it had been filed and served

when the first undertaking was given, and that if not filed as specified, the appeal should be dismissed. A new undertaking not having been filed, the appeal was dismissed. Another appeal was thereafter taken and perfected. On motion to strike the case from the calendar, *held*, that the case was placed by the stipulation and order on the same footing as if no undertaking had been given, and the appellant had the right, within the statutory time for appealing, to take and perfect another appeal. Motion, therefore, denied.

(Argued October 3, 1892; decided October 11, 1892.)

MOTION to strike cause from calendar.

The following is the opinion in full:

"The plaintiff is concluded by the order of this court, entered April 9, 1892, upon the stipulation of the parties, which recites that the undertaking given to perfect the appeal had been canceled and annulled in the Superior Court, which, it appears from the papers, was also done by consent, and which granted the plaintiff leave to file another 'undertaking to perfect the appeal' within five days, and to have, when filed, the same force and effect as if it had been filed and served when the first undertaking was given, and the order provided that if not filed and served within that time, that the appeal should be dismissed, with costs, which was subsequently done.

"The case was thus placed, by the act of the parties, upon the same footing as if no undertaking had been given to perfect the appeal, and the appellant had the right, within the statutory time for appealing, to take and perfect another appeal, as his first attempt to avail himself of this right had proved ineffectual. (*Langley* v. *Warner*, 1 N. Y. 606; *Blake* v. *Lyon & Fellows Man. Co.*, 75 id. 611; *Good* v. *Daland*, 119 id. 153.)

"The motion should be denied, with ten dollars costs.

*F. Spiegelberg* for motion.

*Sidney Harris* opposed.

*Per Curiam* opinion for denial of motion.
All concur.
Motion denied.