FRENCH v. ROW et al.

(Supreme Court, General Term, Fourth Department.     May 18, 1894.)

1. MORTGAGES—FAILURE TO PAY INTEREST—RELIEF FROM FORFEITURE.
   Where a mortgage provides that on default of payment of interest the whole debt shall, at the option of the mortgagee, become due and payable, the mortgagor will be relieved from the effect thereof where it appears that he supposed that the interest had been paid, that the mortgagee had been accustomed to receive it from one to six months after it became due, and that the mortgagee's purpose in declaring the whole debt due was not to secure prompt payment of his interest, but to compel the mortgagor to convey the mortgaged property to him.

2. SAME—FORECLOSURE—AMENDED ANSWER.
   In an action to foreclose a mortgage an amended answer may be filed stating that one of the defendants had no interest in the mortgaged premises, that he was induced to sign the bond and mortgage by the false representations of the mortgagee, as proof of such facts would prevent an affirmative judgment against such defendant.

3. APPEAL—EFFECT OF DISMISSAL.
   The dismissal of an appeal for want of prosecution does not prevent another appeal.

4. SAME—SUFFICIENCY OF NOTICE OF APPEAL.
   A notice to the effect that defendants appeal from the judgment and intend to bring up for review the order dated July 18, 1893, and the order dated July 18, 1893, denying defendants' motion to settle the issues, is sufficient, where two orders were entered on the day mentioned, to bring up both for review.

Appeal from Oswego county court.

Action by George G. French against Susan Row and Gould P. Row to foreclose a mortgage.    From a judgment in favor of plaintiff and from two orders—one striking out the amended answer, and the other denying a motion to have the issues settled and tried before a jury—defendants appeal.    Judgment and order striking out answer reversed.    Order denying motion to settle issues affirmed.

For former reports, see 24 N. Y. Supp. 1146; 26 N. Y. Supp. 1126.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

J. W. Shea, for appellants.

W. H. Kenyon, for respondent.

MARTIN, J.    This action was brought in the Oswego county court to foreclose a mortgage made by the defendants, April 1, 1890, given to secure the payment of $5,000, with interest at the rate of 5 per cent. per annum, payable semiannually, the principal to be paid at the expiration of 10 years.    The mortgage contained a provision that if default should be made in the payment of any sum on the day it became due, and it should remain unpaid for the space of 10 days, the whole debt should thereupon, at the option of the mortgagee, become due and payable immediately thereafter.    The plaintiff claimed, and the proof introduced by him tended to show, that the interest which became due April 1, 1893, remained unpaid for the period of at least 10 days before the commencement of this action, while the evidence of the defendants was to the effect that the whole of the interest that became due before the commencement of the action had been paid.    Whether the interest had been paid

v.28 N.Y.s.no.9—54

was the question chiefly litigated on the trial. The evidence disclosed that the plaintiff not only held the mortgage in suit against the defendants, but that he also had a chattel mortgage upon the property of the defendant Gould P. Row to secure the payment of the sum of $200, together with some portion of the interest upon this mortgage. If all the payments made by the defendants were to apply on the mortgage in suit, then no portion of the interest remained unpaid. The court found that the interest upon this mortgage had been paid up to, but not including, the whole of the installment due on October 1, 1892, and that by reason of the omission of the defendants to pay the installment which became due April 1, 1893, and a part of the installment which became due October 1, 1892, which remained in arrears for the space of more than 10 days before the commencement of this action, the whole principal sum of $5,000 and all arrears of interest thereon became due and payable on April 12, 1893.

As we have seen, there was a conflict in the evidence upon the question whether the interest was paid upon the mortgage in suit to April 1, 1893. If the defendants' version of the transaction is correct, all the interest was paid, and the plaintiff was not entitled to maintain this action. On the other hand, the plaintiff's evidence was perhaps sufficient, if believed, to justify the court in finding that the payments made were not to apply upon the interest on this mortgage, but upon the other claim held by the plaintiff against one of the defendants. A careful reading of the evidence tends strongly to substantiate the claim of the defendants, and the credibility of the plaintiff was seriously impaired by his own written declaration indorsed upon the chattel mortgage held by him against one of the defendants; so that upon the whole evidence we are led almost irresistibly to the conclusion that the interest upon this mortgage had been fully paid when the action was commenced. The general rule relating to mortgages containing a provision that, in case of default in payment of part of the amount secured, the whole shall become due at the option of the mortgagee, is that the provision is a valid one, and courts will grant no relief to a mortgagor from the effect of his default, in the absence of fraud or improper conduct on the part of the mortgagee, or anything to render it unconscionable to avail himself of the provision in it. Bennett v. Stevenson, 53 N. Y. 508; Malcolm v. Allen, 49 N. Y. 448; Hale v. Gouverneur, 4 Edw. Ch. 207; Ferris v. Ferris, 28 Barb. 29; Noyes v. Anderson, 124 N. Y. 180, 26 N. E. 316; Valentine v. Van Wagner, 37 Barb. 60. Thus the question is presented whether, under the circumstances shown to exist in this case, the conduct of the plaintiff, and the course of dealing between the parties, had been such as to render it unconscionable for the plaintiff to avail himself of this provision in the mortgage. As we have seen, the evidence is very persuasive that the interest had in fact been paid, so that the defendants might well have supposed that it was paid. We also find that from the time the first installment of interest became due, in 1890, until the payment of April 1, 1893, became due, the defendants had paid, and the plaintiff had received, the interest at periods

varying from one to six months after it became due, without in any way mentioning or claiming the right to avail himself of that provision, and without intimating to the defendants, prior to April 10, 1893, that prompt payment of the interest would be required. Again, the proof indicates quite plainly that the plaintiff's purpose in declaring and claiming the whole amount to be due under this provision in the mortgage was not to secure the payment of his interest promptly when it became due, but to employ that provision as a means to compel the defendants either to deed him the whole mortgaged property or reduce the amount of the principal debt secured by the mortgage. That the defendants supposed the interest paid, and, if it was not, they were mistaken in that respect, and that the course of action adopted by the plaintiff was improper, inequitable, and unconscionable, seems quite clear; and that he should not be permitted to avail himself of that provision in his mortgage for the purpose of acquiring the defendants' property, or depriving them of the benefit of their contract for the loan made, for the time and at the rate of interest mentioned, without apprising them that the course of dealing which had existed between the parties from the beginning was to be changed, is equally clear. It has been said that such a condition is not in the nature of a forfeiture. If by this is meant that it is not in the nature of a penalty for a wrong, it is doubtless correct; still, a breach of such a condition involves a loss of a right or benefit as a penalty for omitting to perform a required act, and to that extent, is in the nature of a forfeiture. And when, as in this case, the mortgagors follow the course of dealing which has existed between them and the mortgagee from the beginning, and when, as here, the mortgagors might well have supposed that they had wholly discharged their obligations under this contract, and the mortgagee's purpose is an ulterior one, we think the mortgagors are entitled to be relieved from the effect of such an omission. It has been held quite uniformly in this state, in regard to insurance policies, that any agreement, declaration, or course of action on the part of the company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. Kenyon v. Association, 122 N. Y. 247, 25 N. E. 299. In De Frece v. Insurance Co., 136 N. Y. 144, 32 N. E. 556, the defendant insured the life of the plaintiff's intestate upon what is known as the "installment bond plan," the premium to be paid in 20 annual installments, and the bond to be forfeited in case of nonpayment at the date specified. An action was brought upon the bond, and the defendant alleged in its answer a subsequent agreement that the installments should be paid quarterly instead of annually, and that the bond was forfeited by reason of the failure of the deceased to pay a quarterly payment which fell due 23 days before his death. The only proof as to the new agreement was evidence showing that from October, 1883, to October, 1888, the insured paid the premiums quarterly; that they had been received and accepted by the defendant, and re-

ceipts given reciting that they were for premiums falling due quarterly. The evidence showed that all these payments, except three, were made by note, and at intervals from 20 days to 5 months after they became due. The court, in delivering the opinion in that case, said:

"It was entirely competent for the parties to modify the terms of the original contract with respect to the time of payment and the effect of a failure to make punctual payment, and the evidence is sufficient to support a finding that the defendant agreed, subsequently to the execution of the contract, to accept payment of the premiums quarterly, or within a reasonable time thereafter, and that the policy should continue in force until such payments were made, providing they were not unreasonably deferred. It has been repeatedly held, both in the state and federal courts, that such an agreement may be inferred from the course of dealing between the parties. Leslie v. Insurance Co., 63 N. Y. 34; Meyer v. Insurance Co., 73 N. Y. 516; Wyman v. Insurance Co., 119 N. Y. 274, 23 N. E. 907; Kenyon v. Association, 122 N. Y. 247, 25 N. E. 299; Attorney General v. Continental Life Ins. Co., 33 Hun, 141; Insurance Co. v. Wolff, 95 U. S. 326; Insurance Co. v. Eggleston, 96 U. S. 577; Insurance Co. v. Doster, 106 U. S. 37, 1 Sup. Ct. 18; Helme v. Insurance Co., 61 Pa. St. 107."

Again, where, by the terms of a contract for the sale of land, the purchase money is to be paid in installments with annual interest, and the vendor reserves to himself the right to forfeit the contract if the vendee makes default in any of the payments, and after default the vendor continues to receive parts of the purchase money, it has been uniformly held in this state that such a vendor, by receiving payments after default, had so far waived the forfeiture that he could not insist upon it without giving the purchaser notice to pay the arrears, or he would exercise the right of forfeiture, and that a vendor who has waived a forfeiture for nonpayment by receiving partial payments from the vendee, after the time of payment prescribed in the contract, cannot suddenly stop short, and insist on a forfeiture for the nonpayment of the arrears, without previous notice of his intention to do so if the arrears are not paid. Harris v. Troup, 8 Paige, 423; Richmond v. Foote, 3 Lans. 244; Cythe v. La Fontain, 51 Barb. 186, 191; McCarty v. Myers, 5 Hun, 83, 85. So, too, where, upon the conditional sale of a chattel, it is agreed that the vendee is to have possession, and pay the price within the time fixed, if, after the purchase money has become due and remains unpaid, the vendee is still permitted to retain possession, and the vendor receives part payment, this is an assent by the latter to delay, and a waiver of any forfeiture, and a recognition of the right of the vendee to acquire title by payment of the residue of the purchase money, which right would continue until a request by the vendor for such payment, and a refusal by the vendee. Hutchings v. Munger, 41 N. Y. 155; O'Rourke v. Hadcock, 114 N. Y. 541, 550, 22 N. E. 33; Cushman v. Jewell, 7 Hun, 525. In Bell v. Romaine, 30 N. J. Eq. 25, where a bond secured by a mortgage provided that, on default in the payment of the interest thereon for 30 days after the same had become due, the principal should, at the option of the obligee, become payable, it was held that after the obligee had ratified several parol extensions of time for paying the interest, made by her agent, a subsequent similar extension would

be deemed a waiver of the forfeiture, and a suit at law to enforce the bond on the ground of such forfeiture would be enjoined. The right to enforce a forfeiture may be waived by express language, by acts importing an intention to waive the right, or by acts amounting to an estoppel. 2 Beach, Mod. Eq. Jur. § 1021. While, perhaps, there is no case in which the precise question here involved has been decided, yet we think the principle of the authorities cited fully sustains our conclusion that, under the circumstances disclosed in this case, it was improper and unconscionable for the plaintiff to avail himself of the provision in the mortgage by which he might declare the whole amount due for the nonpayment of the interest, and that he could not avail himself of that provision without notice to the defendants that the course of dealing which had existed between them from the beginning was to be changed, and prompt payment required. These considerations lead us to the conclusion that the judgment was wrong, and should be reversed.

This brings us to the consideration of the appeal from the order striking out the defendants' amended answer. The original answer in the case specifically denied certain allegations of the complaint, and alleged that the whole of the interest mentioned therein had been fully paid when it became due. The amended answer contained a general denial of the allegations of the complaint, except certain allegations which were expressly admitted, set up payment, and also alleged facts showing that the defendant Gould P. Row had no interest whatever in the mortgaged premises; that he was induced by the representations of the plaintiff to sign the bond and mortgage to cut off his right as tenant by the curtesy, although he had no such right; that he signed the same upon the statement of the plaintiff that it was necessary for him to do so, as he was the husband of the other defendant; and that there was no consideration for his signing such bond and mortgage. Thus we find that in the amended answer it was, in effect, alleged that the execution of the mortgage by Gould P. Row was procured by the false representations of the plaintiff, and that it was without consideration as to him. We think the defendants had the right to have the benefit of this answer, and, as it was served in time, it should have been permitted to stand, especially as the plaintiff had sufficient time after its service to renotice the case for the term at which it was tried. If this answer had been permitted to stand, and the defendants had established the additional facts alleged, it is quite probable that no judgment for deficiency would have been awarded against the defendant Gould P. Row. We think the court erred in striking out the defendants' amended answer, and that this order should be reversed.

The respondent's claim that this order cannot be reviewed on this appeal because a former appeal was taken, and dismissed by this court, cannot, we think, be sustained. In Elliott's Appellate Procedure (section 535) it is said:

"The effect of the dismissal of an appeal is, as a general rule, to leave the case as if there had been no appeal An order of dismissal does not preclude a second appeal."

The dismissal of an appeal for want of prosecution is not, in judgment of law, an affirmance of the judgment appealed from. Watson v. Husson, 1 Duer, 242. In that case it was, in substance, held that the only effect of such a dismissal was to replace the judgment in its former condition, leaving its merits still open for examination upon a second or further appeal. That case was affirmed in 14 N. Y. 60, where the court said:

"A dismissal of the appeal for want of prosecution is clearly not an affirmance of the judgment. This court has decided nothing whatever in respect to the validity of the judgment."

·The principle of this case was reaffirmed in Palmer v. Foley, 71 N. Y. 106, 109. See, also, Kelsey v. Campbell, 38 Barb. 238; Blake v. Manufacturing Co., 75 N. Y. 611; Culliford v. Gadd, 135 N. Y. 632, 32 N. E. 136. These authorities are adverse to the claim of the plaintiff, and we find nothing in the case of Wiener v. Morange, 7 Daly, 446, which aids him, as in that case the intermediate order which was sought to be reviewed on an appeal from a final judgment had already been reviewed on the merits by the court to which the appeal was taken, and hence that case was clearly within the provisions of section 1316 of the Code of Civil Procedure.

Nor do we think the claim of the plaintiff that this order cannot be reviewed because the notice of appeal does not distinctly specify it can be upheld. The purpose of this provision was to apprise the respondent of the fact that an appeal was taken from the order, and, when the notice of appeal accomplishes that purpose, it must, we think, be regarded as sufficient. The notice of appeal in this case was to the effect that the defendants appealed from the judgment, and that they also intended to bring up for review the order herein, dated the 18th day of July, 1893, and the order, dated the 18th of July, 1893, denying the defendants' motion to settle the issues. That the appellants intended to appeal from two orders that were made on the 18th of July, 1893, is manifest. One of the orders is described, and hence the respondent must have clearly understood that the other order intended to be brought up for review was the order striking out the defendants' amended answer. We think the notice of appeal was sufficient. It follows that this order should be reversed.

The order denying the defendants' motion to settle the issues in this action, and directing a trial thereof by a jury, rested, we think, in the discretion of the court below, and while it would doubtless have been more satisfactory to try the issues by a jury, yet we think we should not disturb that order, and that it should be affirmed. Judgment reversed, and a new trial ordered, with costs to abide the event. The order striking out the defendants' amended answer reversed, without costs. The order denying the defendants' motion to settle the issues in the action affirmed, without costs.

HARDIN, P. J., concurred. MERWIN, J., concurred in the result.