The judgment and order should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed, with costs.

---

DELIA CLASSEY, Respondent, v. THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*Forfeiture clause in a life insurance policy — waiver thereof — issuance of a policy to a third person — assignment of a policy.*

A provision in a policy of life insurance, that the rights of the assured shall be forfeited in case of the non-payment of premiums, is for the benefit of the insurer and can be waived.

A person may insure his own life, and the policy, when issued, will be valid in the hands of an assignee.

If a person makes an application for a life insurance policy and causes the policy to be issued in favor of another, the legal effect is the same as if the policy had been issued to the person whose life was insured, and had been by her assigned.

APPEAL by the defendant, The Metropolitan Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 9th day of March, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 2d day of March, 1894, denying the defendant's motion for a new trial.

*C. N. Bovee, Jr.,* and *William H. Arnoux,* for the appellant.

*Baldwin F. Strauss* and *Almet F. Jenks,* for the respondent.

PRATT, J.:

The provision in the policies for forfeiture in case of non-payment of premiums was for the benefit of the company and could be waived. The evidence of waiver was properly submitted to the jury, and the verdict was justified by the evidence. The acts of the agents from which waiver was implied were within the scope of the duties of the agents, and their legal effect does not depend upon the contract between the parties.

The objection of no insurable interest has no validity. One may insure his own life, and the policy, when issued, will be valid in the hands of the assignee. In the case at bar the person insured made the application and caused the policy to be issued in favor of the plaintiff. In legal effect that was the same as if issued to the person whose life was insured, and by her assigned. The assignment was eliminated, nothing more. The objection of no insurable interest is somewhat ungracious, after the company, with full knowledge of the facts, has accepted the premiums, and in the present case cannot prevail.

BROWN, P. J., and DYKMAN, J., concurred.