ROBINSON v. UNITED STATES MUT. ACC. ASS'N OF CITY OF NEW YORK.

(Circuit Court, E. D. Missouri, E. D. May 20, 1895.)

No. 3,781.

1. LIFE INSURANCE—INSURABLE INTEREST.
    Where one effects an insurance upon his own life, and, in the policy, designates another as the payee, the latter may maintain an action on the policy, without showing an insurable interest.

2. SAME—INTEREST OF BENEFICIARY.
    The beneficiary named in a policy of insurance on the life of another has no such vested or permanent interest in the policy as to prevent the assured, with the assent of the company, substituting a new beneficiary.

3. SAME—ACCIDENTAL INJURY.
    An insurance company issued to one M. a policy insuring him against injury or death, effected through external, violent, and accidental means, but not covering death resulting from duelling or fighting, or happening while or in consequence of violating the law. M. was shot by one C., while engaged in an altercation, M. being at the time unarmed. *Held,* that M.'s death was accidental, and the company was liable upon the policy.

4. DEFENSES—ACTION PENDING.
    Before his death, M. substituted one R. for the original beneficiaries in the policy. *Held,* that it was no defense to an action on the policy by R. that another action on the policy was pending, brought by the original beneficiaries, in another state, in which R. had intervened and been compelled to submit to a nonsuit.

This was an action by Minnie Robinson against the United States Mutual Accident Association of the City of New York on a policy of insurance upon the life of Emile O. Moore. The case was tried by the court, without a jury.

The policy sued on insured E. O. Moore, "subject to the by-laws and all conditions indorsed hereon, against personal bodily injuries. * * * through external, violent, and accidental means," and against death resulting from such injuries. The first condition indorsed upon the policy provided that the insurance should not "extend to or cover accidental injuries or death resulting from, or caused, directly or indirectly, wholly or in part by, * * * duelling,

fighting, or wrestling, * * * or voluntary exposure to unnecessary danger; nor extend to or cover accidental injuries or death happening '* * * while or in consequence of violating the law."

Geo. N. Sanders, for plaintiff.

W. C. Jones and J. C. Jones, for defendant.

PRIEST, District Judge. Action upon policy of insurance. The policy of insurance was procured by E. O. Moore upon his own life, and, in the event of his death by accident, was made payable originally to his son and daughter. As he lawfully might, by the terms of the policy and the by-laws of the company, he substituted the plaintiff for the original beneficiaries, and this substitution was recognized and accepted by the company. The death of E. O. Moore is admitted. Payment is resisted by the company upon the following grounds: (1) Because plaintiff had no insurable interest in the life of the assured at the time of his death; (2) that the original beneficiaries had a vested interest in the policy, which could not be defeated by any act of the assured; (3) that, by the terms of the policy, its protection or indemnity should not extend to injuries or death in consequence of "voluntary exposure to unnecessary danger" or "violating the law"; (4) that immediate notice was not given of the death of the assured; (5) that the assured died of a gunshot wound intentionally inflicted by Dr. Chinault, and his death was not therefore the result of an accident; (6) that another suit is pending in the courts of Arkansas in which the deceased's son and daughter, the original beneficiaries, are plaintiffs, and in which this plaintiff intervened, upon which intervention she was compelled to submit to a nonsuit.

1. A recovery cannot be defeated because of the want of an insurable interest of the plaintiff in the life of the deceased. The rule against wagering contracts of insurance only applies to the cases in which the insurance is procured and paid for by one who has no interest in the life of the assured. When one effects an insurance upon his own life, and in the policy designates another as the payee, the latter may maintain an action on the policy without showing an insurable interest. Association v. Blue, 120 Ill. 121, 11 N. E. 331; Campbell v. Insurance Co., 98 Mass. 381; Vivar v. Knights, etc. (N. J. Sup.) 20 Atl. 36; Ingersoll v. Knights, etc., 47 Fed. 272; Milner v. Bowman (Ind. Sup.) 21 N. E. 1094; Morrell v. Insurance Co., 57 Am. Dec. 103 and note; Glassey v. Insurance Co. (Sup.) 32 N. Y. Supp. 335. In this case the assured procured the insurance, and paid all the premiums. Indeed, this plaintiff did not know that she had been made the beneficiary until some months after the death of Moore.

2. It is equally well settled that the first-named beneficiaries have no vested or permanent interest in the policy such as cannot be disturbed by the assured with the consent of the company. Sabin v. Lodge (Sup.) 8 N. Y. Supp. 185; Supreme Conclave, etc., v. Cappella, 41 Fed. 1; Brown v. Lodge (Iowa) 45 N. W. 884; Association v. Kirgin, 28 Mo. App. 80.

3. It is insisted that Moore's death, being designed by his slayer, was not accidental. It may not have been accidental so far as Dr.

Chinault was concerned, but it was so far as Dr. Moore's conduct was involved. The meaning of the word as employed in the contract must have reference to such disasters as are brought about through the culpable intention or designing of the assured. In one sense—that of scholastic philosophy—nothing is accidental, but we cannot employ such refinements in the interpretations of contracts of indemnity against casualties. Nor do I find that the assured was engaged in fighting or violating the law in that sense which would invalidate the policy. Dr. Moore was unarmed, and, according to the evidence of the only impartial witness to the tragedy, had made no menacing gestures at the time he was shot. He was, in my opinion, the victim of the nervous apprehension of Dr. Chinault. It does not follow that, if Dr. Chinault should be excused for the homicide, the defendant ought to be relieved of the obligations of the policy. He had the right to act upon appearances, and, though deceiving, they would relieve him. He may have acted in good faith in apprehension of immediately impending danger, and this, according to some authorities, would excuse him. But such defenses cannot be invoked by this defendant. It must stand upon a calm investigation of the actual facts.

4. The point that no notice was given of the assured's death is not well founded in fact. The evidence of the secretary at the home office in New York shows that prompt notice was there received and acted upon.

5. Nor does the fact that litigation is pending in Arkansas constitute a bar.

Judgment will accordingly be entered for the plaintiff for the sum of $5,000, with 6 per cent. interest from the date of the institution of this suit.