(4 App. Div. 537)

## TECKEMEYER v. SUPREME COUNCIL, ROYAL TEMPLARS OF TEMPERANCE.

(Supreme Court, Appellate Division, Fourth Department.    April, 1896.)

MUTUAL BENEFIT INSURANCE—NONPAYMENT OF DUES—WAIVER OF FORFEITURE.
In an action on a mutual benefit certificate it appeared that at the time of the member's death he was in arrears for assessments, but that a few days before he had made a payment on account of such assessment, which was received by the association. During the time of his membership 53 assessments had been levied against him. One was paid when due, the dates of 2 payments did not appear, and 50 were paid at times varying from two days to six months after they were due, and were received by the financial officer of the lodge, and paid over to the supreme financial officer, as provided by the constitution of the association, and retained by him. *Held* sufficient to authorize a finding that the time of payment of the assessments was extended.

Action by Mary J. Teckemeyer against the Supreme Council, Royal Templars of Temperance, on a certificate of insurance.    A verdict was directed in favor of defendant at the Erie circuit, and plaintiff moves for a new trial on exceptions ordered to be heard at general term in the first instance.    Granted.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

William L. Jones, for plaintiff.
J. H. Tatem, for defendant.

FOLLETT, J.    This action was begun, April 17, 1894, by the beneficiary named in a certificate issued by the defendant, to recover the amount which it agreed to pay on the death of a member of the association.    The defendant was incorporated by chapter 586 of the Laws of 1880, and belongs to the class of corporations known as "mutual benefit societies."    By the act it is authorized to create and hold a fund, and pay therefrom a sum not exceeding $5,000 on the death of any of its members, pursuant to such rules and regulations as the corporation may adopt, power being conferred to make, from time to time, rules, by-laws, and regulations for the management of its affairs.    On October 15, 1878, Julius Teckemeyer was admitted as a member of this corporation through Protection Council, No. 38, and certificate No. 2,152 issued to him, which provides:

"In case he is in good standing at the time of his decease, his heirs or legal representatives shall be entitled to the sum of $1.00 from each and every active member in good standing, not exceeding two thousand, and he now directs that, in case of his death, it be paid to his wife, Mary Teckemeyer. * * * The conditions of this certificate are such that should the above-

named J. Teckemeyer be suspended or expelled * * * for nonpayment of dues or assessments, then all rights and benefits which the said J. Tecke-meyer, or his legal heirs or representatives, as above named, may have upon the beneficiary fund of this order shall be forfeited."

It is conceded that Julius Teckemeyer had paid all the dues and assessments from the date of his certificate, to and including May 10, 1893, a period of 15 years, and that, if the plaintiff is entitled to recover, she is entitled to receive $2,000 with interest. August 10, 1893, the member was stricken with cerebral apoplexy, and died at 5:35 p. m. of that day. At the time of his death he was owing three dollars on the assessment due July 10, 1893, and four dollars on the assessment due August 10, 1893, the date of his death. Seven dollars was the total sum of his arrears. August 11, 1893, the plaintiff paid to the wife of the financial secretary seven dollars, and received a receipt, Exhibit B, for the assessment due June 10, 1893, previously paid, and no receipt taken, and receipts, Exhibits C and D, for the assessments due July 10 and August 10, 1893. These receipts were signed by the financial secretary in blank, and left with his wife, to be filled and delivered on receiving payment. They were dated August 8, instead of August 11, 1893, by mistake, a rubber stamp being used for dating which had not been changed since August 8, 1893. When the money was received and receipts given, the wife of the financial secretary did not know that the member was dead, but was informed of the fact by the plaintiff as soon as the receipts were delivered. The record does not show whether the sum then paid has been returned or offered to be returned to the plaintiff.

The sole defense interposed is that Julius Teckemeyer, at the date of his death, was not a member in good standing, by reason of his failure to pay three assessments, of four dollars each, the first of which fell due June 10, 1893, the second July 10, 1893, and the third August 10, 1893. It was proved that about August 3, 1893, the member paid five dollars to the defendant, which paid the assessment due June 10, 1893, and one dollar of the assessment due July 10, 1893; so that at this date (about August 3, 1893) Julius Teckemeyer was recognized as a member, notwithstanding the fact that the assessment due July 10, 1893, was 20 days in arrear. The defendant had not then expelled or suspended Teckemeyer, or refused to recognize him as a member in good standing, but received from him one dollar on the assessment due July 10, 1893, which was the only one then in arrear. By receiving payment of one-fourth of the assessment due July 10th, the defendant waived the payment thereof on the day it was due, and recognized the right of the member to thereafter pay the three dollars unpaid thereon.

The defendant's constitution provides that the financial secretaries of protection councils shall give notice and receive payments of assessments levied on the members of such councils (Const. art. 7, § 6), and pay over the moneys to the supreme secretary of the defendant, whose duty it is to levy assessments, receive payments thereof through the secretaries of the protection councils, and transmit the moneys to defendant's supreme treasurer. Const.

Supreme Council, art. 4, § 11. Between July 1, 1885, and April 1, 1893, 53 assessments were levied on this member. One was paid when due, the dates when two were paid do not appear, and 50 were paid to the financial secretary of Protection Council, No. 38, at dates varying from two days to six months after they were due, and were transmitted by the financial secretary to the defendant's supreme secretary, and by him turned over to the supreme treasurer. These facts were established by undisputed evidence, and they would have justified the court in holding, as a matter of law, that these officers were authorized to accept from members payment of assessments after they became due, and were sufficient to authorize the jury to find that the secretary of Protection Council, No. 38, was authorized to extend the time for the payment of assessments levied on this member.

It was conceded that for three years, including 1893, Otis F. Simmons was the financial secretary of Protection Council, No. 38, and that during that time his wife "was authorized to act for him in his business." During these three years the assessments levied on this member were usually paid by his wife, and generally to the wife of the financial secretary, who gave receipts for such payments, which were signed in blank by the secretary, and were filled out by her. None of these facts were questioned by the defendant. These facts being established, the plaintiff offered to show that, when she paid the assessments due in April, May, and June, 1893, to the wife of the financial secretary of Protection Council, No. 38, she said that if the other assessments were paid on or before August 20, 1893, such payment would be in time, and would be received. The defendant objected to this evidence, the objection was sustained, and the plaintiff excepted. There is no provision in the certificate which prohibits the officers of the defendant or the financial secretary of Protection Council, No. 38, from extending the time for the payment of assessments, and our attention has not been called to any such prohibition, nor do we find any in the constitution, by-laws, or regulations of the defendant.

In the absence of such a prohibition, and under the facts proved and admitted, it was competent for the plaintiff to show that the wife of the financial secretary of Protection Council, No. 38, while duly acting for the secretary, extended the time for the payment of the assessments until August 20, 1893. Had such an agreement been testified to, the case would have presented two questions of fact: (1) Was the financial secretary of Protection Council, No. 38, authorized to extend the time for the payment, by this member, of his assessments? (2) Did the wife of the financial secretary, while duly engaged in discharging his duties, agree to extend the time for the payment of the assessments levied on this member until August 20, 1893? Had these two issues been found for the plaintiff, she would, under the evidence in this record, have been entitled to recover on her certificate. Homer v. Insurance Co., 67 N. Y. 478; Powers v. Insurance Co., 83 Hun, 254, 31 N. Y. Supp. 626, affirmed 145 N. Y. 654, 41 N. E. 90; Classey v. Insur-

ance Co., 84 Hun, 350, 32 N. Y. Supp. 335; King v. Association, 87 Hun, 591, 34 N. Y. Supp. 563.

The plaintiff's exceptions should be sustained, and a new trial granted, with costs to abide the event.

Motion for a new trial granted, with costs to abide the event. All concur.