EMMA HULDA BEIL, Respondent, *v.* SUPREME LODGE, KNIGHTS OF HONOR, Appellant.

*Insurance — waiver of a failure to pay an assessment within the time fixed therefor — executors and administrators only can waive the prohibition against a physician's testifying as to the condition of his patient — a widow cannot.*

In an action to recover upon a benefit certificate issued by the defendant, a fraternal benefit insurance association, to the plaintiff's husband, it appeared that the constitution of the defendant provided that a member who did not pay his monthly assessment on or before the last day of each month should be suspended and should not be entitled to the privileges of the benefit fund until he

had been reinstated, and that the defendant's rules required the payment of an assessment for the month in which a member died; that the plaintiff's husband did not pay his assessment for the month of February, 1898, until March 5, 1898; that on the latter date he paid such assessment to the financial reporter of the subordinate lodge of which he was a member, and that the financial reporter forwarded the assessment to the supreme lodge, which retained the same; that the insured committed suicide March 20, 1898, and that after his death the assessment for the month of March was paid to and accepted by the defendant. The insured did not apply for reinstatement after February, 1898.

It further appeared that assessments were paid to and accepted by the subordinate lodge after they became due, and that members were not suspended or reinstated on that account.

*Held*, that the evidence justified a finding that the defendant had waived the forfeiture arising from the failure of the plaintiff's husband to pay the February assessment on or before the last day of that month. (INGRAHAM, J., dissented.)

The term "personal representatives," used in section 836 of the Code of Civil Procedure, which provides, " a physician or surgeon may, upon a trial or examination, disclose any information as to the mental or physical condition of a patient who is deceased which he acquired in attending such patients professionally, * * * when the provisions of section eight hundred and thirty-four have been expressly waived on such trial or examination by the personal representatives of the deceased," applies only to the executors and administrators of the decedent, and does not extend to a widow who brings in her individual capacity an action against a fraternal benefit association to recover upon a benefit certificate issued to her husband in which she is designated as the beneficiary.

APPEAL by the defendant, the Supreme Lodge, Knights of Honor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of December, 1901, upon the verdict of a jury, and also from an order bearing date the 19th day of December, 1901, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Henry A. Powell*, for the appellant.

*William Weil*, for the respondent.

McLAUGHLIN, J.:

In November, 1882, the defendant issued to one Carl Beil a certificate by which it agreed to pay to his widow, the plaintiff in this action, the sum of $2,000 out of a fund called the widows and orphans' benefit fund, upon satisfactory evidence of his death, provided that he at that time had not been suspended according to

the laws, rules and regulations of the defendant, and that he was then in good standing. The certificate contained the further provision that in case the said Beil committed suicide while sane or insane, except in delirium resulting from illness, or while he was under treatment for insanity, or after he had been judicially declared to be insane, that the certificate should thereupon become null and void, and the benefit payable thereunder should be forfeited.

On the 20th of March, 1898, Beil committed suicide "by inflicting upon himself two pistol shot wounds." After proof of death had been served upon the defendant demand was made by the plaintiff for the payment of the amount called for by the certificate, which was refused, and she thereupon brought this action to recover the same. She had a verdict, and from the judgment entered thereon the defendant has appealed. It attacks the judgment principally upon two grounds: *First*, that the evidence adduced at the trial established that Beil, at the time of his death, was not a member of the defendant in good standing, but was then suspended according to the laws, rules and regulations of the order, and by reason thereof the plaintiff had no interest in the fund mentioned in the certificate, and was not entitled to recover; *second*, because the court erred in overruling certain objections made by the defendant to questions put by plaintiff's counsel to the physician who attended Beil at or immediately prior to the time of his death.

Considering the questions urged by the appellant in the order named, it appeared that two assessments made by the defendant for the month of February, 1898, became payable before the last day of that month, and that the same were not paid by Beil within that time. He, however, did pay them to the financial reporter of the Empire City Lodge, a subordinate lodge of the defendant, of which Beil was a member, five days later viz., on the fifth day of March. Section 9 of article 7 of the constitution of defendant provided that on or before the last day of each month each member should pay, as of his age of January first in that year, the amount of such assessment as should have been levied upon the beneficial members, and a member failing to pay any assessment required by law should stand suspended, and should not thereafter be entitled to the benefit of the widow and orphans' benefit fund until he had been duly reinstated in his subordinate lodge in accordance with the laws of

the order. It also appeared that Beil never applied for reinstatement after February, 1898.

The fact of his not making the payments within the time provided and no application having been made for reinstatement, worked a forfeiture of his interest in the fund, and deprived the plaintiff of the right to maintain an action upon the certificate unless there had been a waiver by the defendant of Beil's failure in these respects. The provision relating to forfeiture was inserted in the certificate for the benefit of the defendant, and this being so it had the power to waive it, and this, we think, it did, and that the jury was justified in so finding. (*Kenyon* v. *Knights Templar & M. M. A. Assn.*, 122 N. Y. 247 ; *French* v. *Row*, 77 Hun, 380 ; *Teckemeyer* v. *Supreme Council*, 4 App. Div. 537 ; *De Frece* v. *N. L. Ins. Co.*, 136 N. Y. 144 ; *McClure* v. *Supreme Lodge*, 41 App. Div. 131.)

In *De Frece* v. *N. L. Ins. Co.* (*supra*) the rule is stated as follows : " It was entirely competent for the parties to modify the terms of the original contract with respect to the time of payment, and the effect of a failure to make punctual payment, and the evidence is sufficient to support a finding that the defendant agreed, subsequently to the execution of the contract, to accept payment of the premiums quarterly or within a reasonable time thereafter, and that the policy should continue in force until such payments were made, providing they were not unreasonably deferred. It has been repeatedly held, both in the State and Federal courts, that such an agreement may be inferred from the course of dealing between the parties."

Here, it is true, the plaintiff did not pay the February assessments until March fifth, or five days after they became due, but notwithstanding this fact they were accepted by the financial reporter and forwarded by the subordinate lodge to the defendant, which received and has since retained the same. Under defendant's rules, an assessment had to be paid for the month in which a member died. This assessment was paid after the death of Beil, and was also accepted and retained by the defendant. Not only this, but there was testimony to the effect that assessments were paid to and accepted by the subordinate lodge after they became due, and that, so far as appears, there was no suspension or reinstatement of a member on that account.

The subordinate lodge was, in a sense, the agent of the supreme

lodge. (*McClure* v. *Supreme Lodge, supra.*) Its knowledge was the knowledge of the defendant, and there is an abundance of evidence to sustain the finding of the jury that it waived the right to insist upon a forfeiture because Beil did not pay the February assessments until five days after they became due. The subordinate lodge treated him as a member in good standing when it accepted the February and March assessments, and when it forwarded the proofs of death. And the course of dealings between the subordinate lodge, Beil and the other members of it had been such that Beil had a right to infer, when the February assessments were accepted in March, that the forfeiture provided would not be insisted upon, but on the contrary, was waived. Upon this branch, therefore, we think the case was properly sent to the jury and that its finding is sustained by the evidence.

This leads us to the consideration of the other question, and that is whether the court erred in overruling certain objections made by the defendant to questions put by plaintiff's counsel to the physician who attended Beil at or immediately prior to the time of his death.

The plaintiff, by express provision of the certificate, was not entitled to recover, she having stipulated that Beil committed suicide, unless she could show that he was at that time in a state of delirium, resulting from illness, and this she attempted to do in part by the testimony of Dr. Seifert, the physician referred to. The questions put to Dr. Seifert were for the purpose of showing that the disease with which the deceased was suffering was such as to produce a state of delirium. All of these questions were duly objected to by defendant's counsel upon the ground that the doctor could not testify as to any observation or knowledge in the course of his professional treatment of the deceased. The objections were overruled and exceptions taken in each instance, and the answers to the questions tended to show that the disease with which Beil was afflicted had a tendency to make him delirious, and that he was much of the time in that condition, and especially so only a day or two before he committed suicide.

The objections should have been sustained and the testimony excluded under section 834 of the Code of Civil Procedure. This evidence consisted in a disclosure of information which the physician had acquired in attending the deceased in his professional capacity

and which was necessary to enable him to act in that capacity. The language of the section of the Code referred to is explicit and clear. It is that "a person duly authorized to practice physic or surgery shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity." Section 836 of the Code, after providing that any waiver of the prohibition of section 834 must be at the trial or examination, provides that "a physician or surgeon may, upon a trial or examination, disclose any information as to the mental or physical condition of a patient who is deceased which he acquired in attending such patients professionally, * * * when the provisions of section eight hundred and thirty-four have been expressly waived on such trial or examination by the personal representatives of the deceased."

Here it is clear that the plaintiff, under the provisions of section 836 did not have the power to waive the prohibitions of section 834. She is not the personal representative of the deceased. (*Holden* v. *Metropolitan Life Ins. Co.*, 165 N. Y. 17.) The words "personal representatives," as used in section 836, apply only to executors and administrators. (*Sulz* v. *Mutual Reserve Fund Life Assn.*, 145 N. Y. 574; *Matthews* v. *American Central Ins. Co.*, 154 id. 456; *Griswold* v. *Sawyer*, 125 id. 414.)

The question of whether Beil was delirious at the time of his suicide was one of the questions litigated, and material testimony given in support of that theory consisted in the testimony of Dr. Seifert, to which objections were made and overruled. The testimony should have been excluded, and it cannot be said that the reception of it did not injure the defendant. Other errors are alleged, but we do not deem it necessary to consider them.

The judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., HATCH and LAUGHLIN, JJ., concurred; INGRAHAM, J., concurred in the reversal of this judgment on the ground stated by Mr. Justice McLAUGHLIN, but does not concur in the opinion on the question of waiver.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.