F. BLISS, A. WESTHALL, EDWARD T. HUGHES, F. X. EBERLE, AND JOHN E. EBERLE *v.* SAMUEL KINGDOM AND JAMES KINGDOM.

ACT OF 1870 CONCERNING MINING CLAIMS.—The Act of 1870 providing for the condemnation of the right of way over or through a mining claim for ditches, tunnels, flumes, etc., necessary for the convenient working of another mining claim, is merely cumulative, and does not have the effect of excluding a party from the enforcement in Court of the right to construct such tunnels, ditches, flumes, etc., when that right exists independent of the statute, as by local customs.

ENJOINING INTERFERENCE WITH MINING RIGHT. — If by the local customs the owner of one mining claim has a right to construct a tunnel through an adjoining claim, in order to enable him to work his own claim, a Court of equity may enjoin any interference with that right.

APPEAL from the District Court of the Tenth Judicial District, County of Sierra.

The complaint alleged that the plaintiffs owned back claims on Poverty Hill, Sierra County, which were placer gold mining claims, and that the claims had no frontage on the face of the hill, and that the defendants owned the claims in front of and adjoining the plaintiffs' claims; that by the local customs of miners the owners of rear claims were entitled to a right of way through the front claims for a cut or tunnel; that the plaintiffs had, at an expense of fifty thousand dollars, run a tunnel in the bed rock, under defendants' claims towards their own claims, to enable them to work their claims; that the tunnel was one thousand six hundred feet long, and had reached to within thirty feet of the front line of plaintiffs' claims, when it became necessary to raise a shaft to the surface for air, and such shaft was run within the line of defendants' claims, making an aperture about four feet square, and that it reached the surface at a point where defendants had worked off the pay dirt to the bed rock; that defendants prevented the plaintiffs from securing the shaft, and compelled them to leave the premises, and, by means of a hydraulic pipe, washed earth into the shaft, and excluded the air from the tunnel, and that these acts were done maliciously. The plaintiffs asked that the nuisance be abated, and that the defendants be enjoined from further molesting them.

Upon the trial the defendants moved that the action be dismissed, because the statute of the State of California, passed the 1st day of April, 1870, entitled "An Act to regulate the rights of the owners of mines," had made especial provision for cases of the kind described in said complaint;

and plaintiffs having failed to apply for such remedy, could not maintain any action upon the facts alleged in their complaint.

The Court sustained the motion and the plaintiffs appealed.

*S. B. Davidson, G. G. Clough,* and *Creed Haymond,* for Appellants.

The complaint stated a good cause of action. (*Morton* v. *Solambo, C. M. Co.* 26 Cal. 572; *English* v. *Johnson,* 17 Cal. 107; *T. M. Tunnel Co.* v. *Stranahan,* 26 Cal. 527; *McGarity* v. *Byington,* 12 Cal. 426; Practice Act, Sec. 621; *Esmond* v. *Chew,* 15 Cal.) The Act of April 1st, 1870, has no application. (Stats. 1870, p. 569.)

*Vanclief & McCann,* for Respondents.

By the Court, NILES, J.:

The Court erred in sustaining the defendant's motion to dismiss the complaint, upon the ground that the Act of April 1st, 1870 (Stats. 1869–70, p. 569), provides a remedy which the plaintiff was bound to pursue. Without entering into an unnecessary discussion of the constitutionality of this Act, it is sufficient to say that the remedy it purports to provide is merely cumulative. It is undertaken by this Act to provide means by which a party may procure a right which he would not otherwise have, but it cannot be construed to have the effect of excluding a party from the enforcement of a right which he claims to have independent of the statute.

The suit appears to have been dissmissed solely for the reason that the plaintiff had an adequate remedy under the statute referred to. We do not think we are called upon to decide whether the complaint is defective in other respects or not, especially as we have not been favored with any brief or points and authorities upon the part of respondent.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.