84 535
88 466

[No. 13696. In Bank.—June 12, 1890.]

LOUIS DUTERTRE, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

APPEAL FROM JUSTICE'S COURT — NOTICE OF UNDERTAKING — OPPORTUNITY TO EXCEPT TO SURETIES. — Where an undertaking on appeal from the justice's court is filed more than five days before the service of a notice of appeal, and no separate notice is given of the filing of the undertaking, the notice of appeal is notice that an undertaking has been or will be filed within the thirty days allowed by statute, and gives proper opportunity to except to the sufficiency of the sureties.

ID. — TIME FOR APPEAL — ORDER OF NOTICE AND UNDERTAKING. — The filing of the undertaking on appeal, and the filing and service of the notice of appeal from a justice's court, may be made at any time within thirty days after the rendition of the judgment; and the time and order of taking the requisite jurisdictional steps within that limit is immaterial.

ID. — PROHIBITION. — A writ of prohibition will not lie to the superior court to prevent the hearing of an appeal from a justice's court, upon the ground that the undertaking was filed more than five days before service of the notice of appeal, and that no notice was given of the filing of the undertaking.

APPLICATION to the Supreme Court for a writ of prohibition to the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*O'Brien, Morrison & Daingerfield,* for Petitioner.

PATERSON, J.— This is an application for a writ of prohibition directed to the Hon. F. W. Lawler, judge of the superior court, prohibiting him from hearing the

action of *Dutertre* v. *Calvert,* on appeal to the superior court from the justice's court. The grounds upon which it is claimed that the superior court has no jurisdiction to hear the appeal in that case are, that judgment was entered in favor of the plaintiff therein in the justice's court on August 12, 1889; that an undertaking on appeal was filed in the office of the clerk of said justice's court on said August 12th, but the notice of appeal was not filed until August 19, 1889, and was not served on the plaintiff therein until August 23, 1889; and that no notice of the filing of the undertaking was given plaintiff. It is claimed that because the undertaking was filed more than five days before service of a notice of appeal, and no notice of the filing of the undertaking given, the plaintiff lost the benefit of the statutory time to except to the sureties, and that the appeal was ineffectual for any purpose; that, to render the appeal effectual, an undertaking must be filed after service of the notice, or at least that notice of the filing of the undertaking must be given in some form.

In *Coker* v. *Superior Court,* 58 Cal. 177, it was held that the notice of appeal must be filed and served and an undertaking given within thirty days after the rendition of the judgment, to render the appeal effectual, but that the order in which they were done is not material. In that case the judgment was rendered June 12th, notice of appeal served June 16th, and filed June 17th, but the undertaking on appeal was not filed until July 7th, and yet it was held that jurisdictional prerequisites had been complied with.

In the case before us, the plaintiff had no notice that the defendant in the action (in the justice's court) would appeal to the superior court until eleven days after the defendant therein had filed an undertaking. The petitioner herein claims that he was entitled to the benefit of the statutory time of five days after notice of the filing of the undertaking to except to the sufficiency of the

sureties therein.    In this we think he is right.    As this court said in *Columbet* v. *Pacheco*, 46 Cal. 651, referring to provisions of a similar nature, "it would be unreasonable to hold that this period of time may run against the respondent without his having had notice in some mode that the undertaking had been actually filed in the clerk's office, and the code having failed to provide for a special notice of that fact, we think it was intended that the service of the notice of appeal should itself operate such notice."    But the petitioner did have an opportunity to except to the sufficiency of the sureties.    The notice of appeal was notice to him that an undertaking had been or would be filed within the thirty days after the rendition of the judgment.    It was not necessary for the appellant to give a new undertaking.    The statute gives the appellant the right to file and serve his notice of appeal and his undertaking at any time within the thirty days; and, as we have seen, the order in which these jurisdictional steps are taken is immaterial.

Application denied.

Fox, J., BEATTY, C. J., WORKS, J., SHARPSTEIN, J., and McFARLAND, J., concurred.

Rehearing denied.