[No. 13630.  Department One. — March 27, 1891.]

ROBERT McKEEN, RESPONDENT, v. J. F. NAUGH-TON, APPELLANT.

APPEAL FROM JUSTICE'S COURT — UNDERTAKING — JURISDICTION — VOID JUDGMENT. — The failure to file an undertaking on appeal from a justice's court within thirty days from the rendition of the judgment renders the appeal ineffectual for any purpose, and the judgment of the appellate court rendered without such undertaking is void.

ID. — JURISDICTION OF MUNICIPAL COURT OF APPEALS — SALE UNDER VOID JUDGMENT. — The judgment of the former municipal court of appeals of the city and county of San Francisco, to which an appeal had been transferred from the county court, upon which no bond had been filed within thirty days, is without jurisdiction and void; and a sale of land under execution issued upon such judgment confers no title.

ID. — MOTION TO DISMISS VOID APPEAL — WANT OF JURISDICTION — ESTOPPEL OF APPELLANT — QUIETING TITLE. — The action of the appellant in resisting a motion to dismiss the appeal in the municipal court of appeals does not estop him from asserting want of jurisdiction in that court, or from assailing the invalidity of the judgment, in an action brought to quiet title to the land purchased at an execution sale thereunder.

ESTOPPEL IN PAIS — PLEADING. — The party claiming an estoppel *in pais*, and relying upon it as a defense, should set out the matters constituting it in his answer.

ID. — REPRESENTATION OF FACT — STATEMENT OF LAW. — A representation, in order to work an estoppel, must generally be a statement of fact, and the statement of a proposition of law will not conclude the party making it from denying its correctness, unless it is understood to mean nothing but a simple statement of fact.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*James F. Smith,* and *Smith & Murasky,* for Appellant.

The plaintiff here could not, after judgment had been entered against him in the justice's court in favor of Pateman, take a defective appeal, then successively resist Pateman's motion to dismiss it because it was defective, procure a trial *de novo* on his defective appeal, and then, after judgment had been again entered against him in the appellate court, change front and attack the judgment of the appellate tribunal on the ground that his appeal was defective and that Pateman's motion to dismiss it ought to háve been granted. (*Clark* v. *Dunnam,* 46 Cal. 204–208; *Turner* v. *Billagram,* 2 Cal. 520, 523; *McDermott* v. *Isbell,* 4 Cal. 113; *Meyer* v. *Kohn,* 29 Cal. 280; *Chagnette* v. *Ortet,* 60 Cal. 594–600; Brown's Legal Maxims, 130; *Sanborn* v. *Superior Court,* 60 Cal. 425; *Moyle* v. *Landers,* 78 Cal. 99; 12 Am. St. Rep. 22.) The municipal court of appeals had jurisdiction of the appeal from the justice's court in *Pateman* v. *McKeen,* independent of any order of transfer from the county court. The act of the legislature creating the court, defining its powers, and regulating the exercise of its jurisdiction operated as a transfer. (*Millard* v. *Yee Teen,* 63 Cal. 584; *Davis* v. *Superior Court,* 63 Cal. 581; Stats. 1877–78, p. 947.)

*J. C. Bates,* for Respondent.

Neither the county court nor municipal court of appeals of San Francisco acquired jurisdiction of the case or subject-matter of *Pateman* v. *McKeen,* because no bond for costs was given to perfect the appeal, or filed within thirty days, as required by law. There was no bond for costs at all, and the bond given was not filed in thirty days. (Code Civ. Proc., sec. 978; *McConky* v. *Superior Court,* 56 Cal. 83; *Levy* v. *Superior Court,* 66 Cal. 292; *Mullen* v. *Hunt,* 67 Cal. 69; *Hall* v. *Superior Court,* 68 Cal. 25; *Carlson* v. *Superior Court,* 70 Cal. 631;

*Duffy* v. *Greenebaum,* 72 Cal. 159; *Fraser* v. *Freelon,* 53 Cal. 644.) Consent cannot give to a court jurisdiction of the subject-matter. (Freeman on Judgments, secs. 120, 121; *Bates* v. *Gage,* 40 Cal. 184; *Norwood* v. *Kenfield,* 34 Cal. 333; *Feillett* v. *Engler,* 8 Cal. 77; *People* v. *Granice;* 50 Cal. 448; *Bonds* v. *Hickman,* 29 Cal. 463.) A court can dismiss an appeal or a case, although it cannot try it for want of jurisdiction of the subject-matter. (*McConaghey* v. *Lyons,* 2 Pac. Coast L. J. 460; *Blair* v. *Cummings,* 39 Cal. 667; Freeman on Judgments, sec. 121; *Alexander* v. *Municipal Court,* 66 Cal. 387.) Objection to jurisdiction of the subject-matter may be taken at any time. (Gear's Digest, p. 480; *In re Grove Street,* 61 Cal. 438; *Mulligan* v. *Smith,* 59 Cal. 229; *Matt* v. *Smith,* 16 Cal. 555; *Dougherty* v. *Coffin,* 69 Cal. 455.) The court not having acquired jurisdiction of the subject-matter on the attempted appeal or *nunc pro tunc* transfer, there was not estoppel or waiver by the denial of the motion to dismiss the appeal, especially as the notice did not specify definite grounds, and the case was not then in the court. (*Dougherty* v. *Coffin,* 69 Cal. 455; *Davisburgh* v. *K. L. Ins. Co.,* 90 N. Y. 528; *Levy* v. *Superior Court,* 66 Cal. 292.)

De Haven, J. — Action to determine conflicting claims to certain real property.

The appellant claims title to the land in controversy by virtue of a purchase thereof at a sale under an execution issued upon a judgment of the municipal court of appeals of San Francisco in favor of one Harry Pateman, against Robert McKeen and W. H. Norton, for the sum $277.70, including costs.

The action of *Pateman* v. *McKeen and Norton* was commenced in the court of a justice of the peace for the city and county of San Francisco, and judgment therein rendered on May 8, 1879, in favor of the plaintiff therein, and against the defendants in that action.

On June 6, 1879, the defendants therein served and filed a notice of appeal from said judgment to the *county court* of said city and county, but no undertaking thereon was filed until June 9, 1879.

The case was tried in the municipal court of appeals on September 24, 1879, and on that day said court rendered the judgment under which the appellant claims. No order was made by the county court transferring the case to the municipal court of appeals until *after* the latter court had given its judgment. But on November 11, 1879, such order of transfer was made, and which also directed that the same be filed *nunc pro tunc* as of June 14, 1879.

It is claimed by respondent that this judgment was void for want of jurisdiction, and that therefore no title passed under the execution sale mentioned, and this is the principal question for decision here.

1. It is unnecessary to determine whether it was competent for the legislature, under the constitution then in force, to transfer to the municipal court of appeals a portion of the jurisdiction conferred by that constitution upon the county court, as it is clear that the municipal court of appeals never acquired any jurisdiction of the case of *Pateman* v. *McKeen and Norton,* for other reasons. There was no attempt to take an appeal to the municipal court of appeals, and the attempted appeal to the county court was ineffectual. If it be assumed that the undertaking given upon such attempted appeal was sufficient in amount, still the county court acquired no jurisdiction of the action, as the undertaking was not filed within thirty days after the rendition of the judgment in the justice's court. (Code Civ. Proc., secs. 974, 978; *Coker* v. *Superior Court,* 58 Cal. 177.)

In the case just cited this court said: "To effectuate an appeal from the judgment of a justice of the peace, three things are necessary, viz., the filing of a notice of appeal with the justice, the service of a copy of the

notice upon the adverse party, and the filing of a written undertaking ; and all these things must be done within thirty days after the rendition of the judgment. (Code Civ. Proc., secs. 974, 978.) All of these are jurisdictional prerequisites; none of them can be dispensed with, nor can any one of them be supplied, or, if fatally defective, be remedied after the time limited in the statute; for until all the prerequisites are completed, the appeal is not effectual for any purpose."

This view of the law has been approved in the later cases of *Hall* v. *Superior Court*, 68 Cal. 25, and *Dutertre* v. *Superior Court*, 84 Cal. 536, and must be considered as the settled rule here.

The act creating the municipal court of appeals did not attempt to confer upon it any other than appellate jurisdiction, " the same power and jurisdiction in civil appeal cases as is possessed by the said county court." (Act of April 1, 1878, Stats. 1877–78, p. 947.)

And it would seem that in order to call into exercise this appellate jurisdiction in a given case, there must have been an effectual appeal taken in such case, either directly to such court or to the county court. And if in the case of an attempted appeal to the county court the action should in any manner be transferred, either by force of the statute referred to or by order of the county court, to the municipal court of appeals, that court would not thereby obtain any greater jurisdiction of the cause than was possessed by the county court.

The appeal to the county court in the case of *Pateman* v. *McKeen and Norton* being ineffectual for any purpose, for the reasons hereinbefore stated, it necessarily follows that the judgment rendered on such appeal in the municipal court of appeals was without authority, and therefore void.

2. It appears that there was a motion made in the municipal court of appeals to dismiss the appeal in the case of *Pateman* v. *McKeen and Norton,* on the ground that

no appeal had been taken, as required by law.  The motion was denied.  The appellant insists that thereby the respondent here is estopped from asserting want of jurisdiction in that court to hear and give judgment in the case.

If it be assumed that the respondent resisted that motion, still we do not think that such action would estop him to question in this action the jurisdiction of that court.  The matter of this alleged estoppel is not set out in the answer of the defendant, as it should be if relied upon as a defense.  (*Clarke* v. *Huber*, 25 Cal. 594; *Davis* v. *Davis*, 26 Cal. 39; 85 Am. Dec. 157.)

But passing over this defect in the answer, the fact that the appellants therein resisted the motion to dismiss the appeal in that action cannot work the estoppel claimed.  Every fact in connection with the attempted taking of the appeal was within the knowledge of the respondent therein, and being chargeable with a knowledge of the law, neither he nor the appellant here, who stands in his place, can be heard to say that he was *deceived* by any contention of the appellants in that action, as to the *law* governing appeals from justices' courts, and involved in the decision of that motion.

" The representation, in order to work an estoppel, must generally be a statement of *fact*.  It can rarely happen that the statement of a proposition of law will conclude the party making it from denying its correctness, except when it is understood to mean nothing but a simple statement of fact."   (Bigelow on Estoppel, 438.)

There is nothing in this case which takes it out of this general rule.

Judgment and order affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.