[Civ. No. 888. First Appellate District.—November 22, 1910.]

HENRY REGAN, Petitioner, v. THE SUPERIOR COURT
OF THE STATE OF CALIFORNIA IN AND FOR
THE COUNTY OF MARIN, Respondent.

APPEAL FROM JUSTICE'S COURT—LIMIT OF TIME TO PERFECT APPEAL—
UNDERTAKING—NOTICE.—No jurisdiction is acquired of an appeal
from a justice's court, unless all of the steps required to perfect
the same, including the filing of the undertaking and the giving
of notice thereof, are completed within the limit of thirty days after
the rendition of the judgment fixed by section 974 of the Code of
Civil Procedure.

ID.—CONSTRUCTION OF NEW PROVISION—FURTHER CONDITION OF PER-
FECTING APPEAL—OBJECT OF PROVISION AS TO UNDERTAKING.—The
new provision added by section 978a that the undertaking must be
filed within five days after the filing of the notice of appeal, and
that notice of the filing of the undertaking must be given to the
respondent, has only the effect to add a further condition to the
perfecting of the appeal, and all the steps required to perfect it

must be completed within thirty days. The object of the new provision as to the time for filing the undertaking and giving notice thereof was to correct an abuse that formerly existed, without adding to the limit of time in which to perfect the appeal.

ID.—APPEAL FROM RECORDER'S COURT—WANT OF JURISDICTION—REFUSAL OF SUPERIOR COURT TO DISMISS—CERTIORARI TO ANNUL JUDGMENT. While the code does not provide for appeal from a recorder's court, yet under the provisions of the municipal corporation bill, as amended March 16, 1907 (Stats. 1907, p. 272), appeals from a recorder's court may be taken in like manner as appeals from justices' courts, and where the superior court refused to dismiss an appeal from a recorder's court, of which it had no jurisdiction, and rendered judgment therein for the appellant, such judgment will be annulled upon writ of review.

ID.—VOID ORDER GRANTING REHEARING IN SUPREME COURT—ABSENCE OF CONSENTING JUDGE FROM STATE—VACATION.—A void order granting a rehearing after judgment in the appellate court, while one of four consenting judges was absent from the state, must be vacated, and the matter must be remanded to the appellate court for further proceeding. [By the Supreme Court in Bank, February 28, 1911.]

PETITION for a writ of review to annul a judgment of the Superior Court of Marin County. Thos. J. Lennon, Judge.

The facts are stated in the opinion of the court.

George H. Harlan, for Petitioner.

Wal J. Tuska, and W. Rigby, Jr., for Respondent.

KERRIGAN, J.—This is an application for a writ of review, to annul the action of the superior court of Marin county, in holding that under section 978a of the Code of Civil Procedure, an undertaking on appeal from a justice's court, filed after the lapse of thirty days from the rendition of the judgment, was in time to vest the superior court with jurisdiction of the appeal.

The facts of the case are as follows: An action was pending in the recorder's court of the town of Mill Valley in said county, wherein the Mill Valley Rochdale Company, a corporation, was plaintiff, and Henry Regan, the petitioner here, was defendant. On July 8, 1910, judgment for the defendant was rendered by the recorder. On August 3, 1910, the plaintiff therein served a notice on the defendant that it

appealed to the superior court, which notice was filed August 5th. The undertaking on appeal, however, was not filed until August 10th, which was more than thirty days after the rendition of the judgment.

Thereafter, in the superior court, the defendant moved to dismiss the appeal for want of jurisdiction. This motion was denied, and the court immediately proceeded to try the cause, and, after hearing, rendered judgment in favor of the plaintiff, whereupon this proceeding was instituted.

The petitioner contends that the filing of an undertaking is an integral part of an appeal to the superior court, and that it must be filed within thirty days after the rendition of judgment in the inferior court.

Undoubtedly this is the law unless it was changed by the enactment of section 978a of the Code of Civil Procedure in the year 1909. (*Coker* v. *Superior Court,* 58 Cal. 177; *McCracken* v. *Superior Court,* 86 Cal. 74, [24 Pac. 845]; *McKeen* v. *Naughton,* 88 Cal. 462, [26 Pac. 354].) In those cases it was held that in order to effectuate an appeal from a justice's court it is necessary to file a notice of appeal with the justice, to serve a copy of such notice upon the adverse party, and also to file a written undertaking, and that all of these things must be done within thirty days after the rendition of the judgment.

Section 978a reads: ''The undertaking on appeal must be filed within five days after the filing of the notice of appeal, and notice of the filing of the undertaking must be given to the respondent.''

It is the contention of the respondent that the undertaking having been filed within five days after the filing of the notice of appeal, it is in time even though filed more than thirty days after the rendition of the judgment.

We cannot agree with this contention. It is our opinion that the only effect of section 978a is to add a further condition to the perfecting of the appeal, and that all the steps necessary to that end, including the filing of the bond, must be taken now, as formerly, within the thirty days mentioned in section 974 of the Code of Civil Procedure.

Prior to the enactment of the section under consideration the order in which the various steps were taken, namely, the filing of the notice of appeal, the service of the same, and the

filing of the bond, was immaterial, provided they were all taken within thirty days (*Coker* v. *Superior Court,* 58 Cal. 177). Hence an appellant could serve and file his notice of appeal on the day that judgment was rendered, and as no notice of the filing of the undertaking was required, he could file it at any time up to the thirtieth day, and during all this time the respondent would have to watch the justice's records to protect his right to except to the sufficiency of the sureties. When this new section is considered in the light of the decisions just referred to, and of the abuse that grew up under the law as interpreted by them, it is obvious, we think, that the legislature intended no extension of the rights of the appellant, but sought to protect the rights of the respondent by correcting an abuse that had heretofore existed. Section 974, Code of Civil Procedure, reads now as it did when the cases above cited were decided, and so does that part of section 978 upon which those cases in part were based. According to those sections, as interpreted by the cases cited, an appeal is initiated by the notice of appeal, and it is in force thirty days after the rendition of the judgment, at which time it becomes ineffectual for any purpose unless a proper undertaking is filed. (See, also, *Kelsey* v. *Campbell,* 38 Barb. 238; *Raymond* v. *Raymond,* 76 N. Y. 106; *Bonnell* v. *Van Cise,* 8 S. D. 592, [67 N. W. 685].) And we think no intention of changing the law as thus interpreted by the supreme court of this state is disclosed by section 978a.

It is true that under our construction of this section if the appellant waits until the thirtieth day before filing his notice of appeal, he will not be entitled to five days within which to file his bond. But any other construction of the section would be in conflict with sections 974 and 978, and we think wholly unwarranted. The construction we have placed upon section 978a leaves undisturbed the law with reference to the time within which appeals from justices' courts must be taken and perfected, and at the same time prevents the mischief aimed at by the legislature.

The provisions of the Code of Civil Procedure and the California cases cited in this opinion speak of appeals from justices' courts, and make no mention of a recorder's court; but under the provisions of the municipal corporation bill, as amended March 16, 1907 (Stats. 1907, p. 272), appeals

from a recorder's court may be taken in like manner and with like effect as appeals from justices' courts.

It follows that the superior court had no jurisdiction to proceed and try the cause, and its action must be annulled, and it is so ordered.

Hall, J., and Cooper, J., concurred.

On January 16, 1911, an order was filed in the supreme court purporting to transfer the above cause to the supreme court for hearing. Such order was vacated by the supreme court on February 28, 1911, in pursuance of the following opinion and order:

THE COURT.—An order having been filed herein on January 16, 1911, purporting to transfer this cause to the supreme court for hearing and determination, after final judgment thereof in the district court of appeal of the first district, which order was concurred in by only four justices, namely, Beatty, C. J., Henshaw, J., Shaw, J., and Lorigan, J., and Justice Henshaw being at that time, and from thence continuously until after the time for making such order had expired, out of the state of California, the court is of the opinion that said purported order was and is, by reason of such absence, inoperative and void. (See *People* v. *Ruef,* this day decided, *post,* p. 621, [114 Pac. 48].) Wherefore, it is ordered by the court that said order be vacated and annulled, and that the papers in said cause be returned to the said district court of appeal.