[S. F. No. 5894. In Bank.—March 18, 1912.]

## WILLIAM RIGBY, Jr., Petitioner, v. SUPERIOR COURT OF MARIN COUNTY, Respondent.

JUSTICE'S COURT—APPEAL—TIME FOR FILING UNDERTAKING—NOTICE OF APPEAL.—Under sections 978 and 978a of the Code of Civil Procedure, as amended in 1909, the time for filing an undertaking on appeal from a justice's court does not begin to run at the time of the rendition of the judgment. It begins to run from the time of the filing of the notice of appeal and continues for five days after the filing of such notice. As such notice, under section 974 of that code, may be filed at any time within thirty days after the rendition of the judgment appealed from, it necessarily follows that the time for filing the undertaking does not stop with the expiration of such thirty days, as was held to be the case prior to such amendments, but may in some cases be filed as much as five days after the thirty-day period has elapsed.

ID.—CONSTRUCTION OF CODE PROVISIONS.—As the language of those sections are clear, and admit of no other construction, the courts cannot otherwise interpret them for the purpose of obviating any of the supposed evils which the amendments were intended to cure.

ID.—JURISDICTION OF APPEAL—NOTICE OF FILING UNDERTAKING NOT ESSENTIAL.—The giving of the notice of the filing of the undertaking to the respondent, as provided for in section 978a of that code, is not essential to the jurisdiction of the superior court of the appeal.

APPLICATION for a Writ of Certiorari to review an order of the Superior Court of Marin County.

The facts are stated in the opinion of the court.

Wal. J. Tuska, for Petitioner.

George H. Harlan, for Respondent.

SHAW, J.—On August 31, 1910, The Mill Valley Rochdale Company recovered a judgment against L. T. Parker in the superior court of Marin County. The action was begun in the recorder's court of the town of Mill Valley, a town of the sixth class, and that court had given judgment for Parker. The Rochdale Company had appealed to the superior court. On April 22, 1911, L. T. Parker served and filed a notice of motion to set aside the judgment on the ground that the appeal from the recorder's court was not properly taken and that therefore the superior court was without jurisdiction of the case. The motion was granted and on April 29, 1911, the superior court made an order setting aside its former judgment and dismissing the action for lack of jurisdiction. Rigby, the plaintiff in the present proceeding, is the assignee of the Mill Valley Rochdale Company. More than six months had passed after the rendition of the judgment before the application to set it aside was made. Therefore, unless the judgment was void for lack of jurisdiction of the cause, the superior court had no jurisdiction to make the order setting it aside. Asserting that the judgment was not void, this proceeding in *certiorari* was begun by Rigby to annul the order on the ground that the superior court had lost power over the case and could not make a valid order setting the judgment aside.

The judgment in the recorder's court was rendered on July 8, 1910. The notice of appeal therefrom to the superior court was served on August 3, 1910, and filed in the recorder's court on August 5, 1910. The undertaking on said appeal was not filed until August 10, 1910, and no notice thereof was given to Parker or his attorney until August 12, 1910. It is claimed that the appeal was ineffectual to vest jurisdiction of the cause in the superior court for two reasons: 1. That the undertaking, although filed within five days after the filing of the notice of appeal, was filed more than thirty days after the rendition of the judgment; 2. That the giving of a notice of the filing of the undertaking is necessary to

perfect the appeal, and that it was given too late to be of any effect.

The validity of the appeal depends upon the meaning and effect of the amendment of 1909 to the provisions of the code on the subject. These provisions apply to recorder's courts. (Stats. 1905, p. 73.) Prior to 1909 section 974 of the Code of Civil Procedure provided that such appeals could be taken at any time within thirty days after the rendition of the judgment appealed from, by filing a notice of appeal with the justice and serving a copy thereof on the adverse party, and section 978 provided that such appeal would not be effectual for any purpose unless an undertaking on appeal with two or more sureties be filed. These provisions were not changed by the amendment. It will be noted that the time within which the undertaking must be filed was not fixed by the terms of the code. It was silent on that point. Nevertheless, in a series of decisions it had been established that the undertaking must be filed within thirty days, or the appeal would be ineffectual and void. (*Coker* v. *Superior Court,* 58 Cal. 178; *Dalzell* v. *Superior Court,* 67 Cal. 454, [7 Pac. 910]; *Hall* v. *Superior Court,* 68 Cal. 25, [8 Pac. 509]; *Duterte* v. *Superior Court,* 84 Cal. 536, [24 Pac. 284]; *McKeen* v. *Naughton,* 88 Cal. 466, [26 Pac. 354].)

The legislature of 1909 amended section 978 and added a new section, numbered 978a, to the Code of Civil Procedure. The only material amendment of 978 consisted of the omission of the final sentence relating to the subject of exceptions to the sureties and the justification of sureties. This sentence, with some important additions on which the decision of this case depends, was re-enacted as section 978a. It reads as follows:

"The undertaking on appeal must be filed within five days after the filing of the notice of appeal and notice of the filing of the undertaking must be given to the respondent. The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

1. The main argument in support of the first objection is

that the clause of section 978a, declaring that the undertaking "must be filed within five days after the filing of the notice of appeal," does not enlarge the time for filing such undertaking as fixed by the decisions above cited, and that it must be filed within the thirty days, as before, regardless of the time of filing the notice of appeal. That is to say, applying this theory to the present case, as the thirty days from July 8th, expired on August 7th, the filing of the notice of appeal on August 5th, two days before the expiration of the period, did not extend the time for filing the undertaking to August 10th, but that it still remained necessary to file it on or before August 7th, notwithstanding the clause quoted.

We cannot agree to this proposition. The decisions above cited were made when the code contained no provision as to the time for filing the undertaking. It then provided only that the appeal must be taken "within thirty days after the rendition of the judgment," that an appeal "is taken by filing a notice of appeal" and serving the same (sec. 974), but that such appeal would be ineffectual unless the undertaking was filed. (Sec. 978.) As the appeal was to be taken within thirty days and could not be effectively taken without filing an undertaking, and no time was expressly fixed within which the latter must be filed, it followed as a fair inference, from the provisions as a whole, that the undertaking must be filed within the period fixed for the taking of the appeal. This at least was a permissible construction of an ambiguous statute. But if the code at that time had contained an express provision stating the period within which the undertaking "must be filed," as it now does, it cannot be doubted that the court would have followed the express and clear language, as it was bound to do, and would not have resorted to inferences contrary to that provision. The omission is now supplied, the time is stated clearly and unequivocally, and it is not for the court to enlarge or curtail it by unnecessary construction. The time for filing the undertaking does not begin to run, as before it was construed to begin, at the time of the rendition of the judgment. Another event, the filing of the notice of appeal, now fixes the beginning of the period. There being nothing to the contrary in the code, it necessarily follows that the time does not stop with the thirty days, but in all cases it continues for five days after the filing of the

notice of appeal, whenever that may be, notwithstanding the fact that this may in some cases permit the filing of the undertaking as much as five days after the thirty-day period has elapsed. The filing of the undertaking was not then and is not now made a part of the process of taking the appeal. That process was complete when the notice of appeal was served and filed. But it was subject to lapse and become null unless the condition subsequent occurred within the time prescribed. A similar lapse may occur now, but the time for the happening of the condition subsequent depends upon a different event, an event which may extend it for five days after the expiration of the time fixed for the serving and filing of the notice of appeal. This, we think, is the clear meaning and effect of the present provisions of the code on the subject.

It is further argued that a consideration of the evils which the amendment was intended to cure shows that there was no intention to change the established rule that all the steps in the proceeding to perfect the appeal must be taken within the thirty days. Under the law as it was, the order of the several steps and the time that separated them was immaterial, provided they all occurred within the thirty days. A party might file his notice of appeal on the day of the judgment and delay the filing of the undertaking until the thirtieth day. The adverse party would have to be in frequent communication with the justice during this thirty days, to see that the five days for excepting to the sureties did not elapse, if he would avoid having a straw bond imposed upon him. Doubtless the removal of this evil was one of the objects sought and perhaps the principal one. But we do not see how this fact can have the effect of shortening the time allowed by the amendment for the filing of the undertaking. It is a matter to be fixed by the legislature, and when it has done so in clear language, the necessity for interpretation by the courts ceases. The code now prevents a delay of more than five days after the filing of the notice of appeal. This, evidently, was the evil to be obviated. The decision of the district court of appeal of the first district in *Regan* v. *Superior Court*, 14 Cal. App. 572, [114 Pac. 53, 72], is contrary to the views here expressed on this point, and it is to be considered as overruled.

2. The notice of the filing of the undertaking cannot be

held to be jurisdictional, unless the statute so declares, either expressly or by reasonable implication. Section 974 declares how an appeal is to be taken. Notice of the filing of the undertaking is no part of the process there prescribed. Section 978 provides that an undertaking on appeal must be filed and that unless it is filed, the appeal is "not effectual for any purpose." Section 978a provides that "notice of the filing of the undertaking must be given to respondent." It does not specify whether such notice is to be given before the filing or after the filing, nor within what time, nor whether it is to be written or oral. No action by respondent is made to depend upon or follow the giving of this notice. The exception to the sureties seems to have no direct relation to or connection with this notice. It may be taken before or after any formal notice of the filing of the undertaking, provided it is taken within five days after such filing. There is no declaration that the failure to give this notice will render the appeal ineffectual, or that it will affect the appeal in any manner. The right of appeal is clearly given and the mode of taking it is clearly fixed by section 974. In view of the express declaration of section 978 that if the undertaking is not filed the appeal becomes ineffectual for any purpose, the absence of any such provision with respect to the failure to give notice of such filing is significant, and it indicates that there was no intention to make such notice necessary to the validity of the appeal. It is true, the last clause of section 978a provides that if sureties fail to justify, after exception taken, the appeal shall thereupon be forfeited. Forfeitures are not favored, and the provisions conferring the right of appeal and prescribing the procedure are remedial and should not be unduly hampered with constructive restrictions which will cast doubt upon the jurisdiction of the appellate court. For these reasons we conclude that the giving of this notice is not jurisdictional. The district court of appeal of the second district, in a well considered opinion, hold to the same view. (*Jeffries* v. *Superior Court,* 13 Cal. App. 193, [109 Pac. 147].) We approve the reasoning of that opinion.

It follows that the superior court had jurisdiction of the cause on appeal, that its judgment for the plaintiff was not void, and consequently, that the order setting aside that judgment was beyond the power of that court and is, itself, void.

It is therefore ordered that the order of the superior court of Marin County, made on April 29, 1911, purporting to set aside its judgment rendered on August 31, 1910, in the action of Mill Valley Rochdale Company *v.* L. T. Parker, be and the same is hereby annulled.

Henshaw, J., Melvin, J., and Beatty, C. J., concurred.